STATE OF MINNESOTA *ex rel.* LUTHER L. BAXTER *vs.* LUTHER M. BROWN.

April 15, 1876.

Constitution—Elections to Fill Vacancies in Judiciary—Computation of Time.— Section 10, art. 6, of the constitution declares that, " in case the office of any judge shall become vacant before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the governor until a successor is elected and qualified; and such successor shall be elected at the first annual election that occurs more than thirty days after the vacancy shall have happened." *Held,* that neither the day on which the vacancy happens, nor the day on which the election occurs, can be counted as part of the thirty days prescribed by this provision of the constitution.

This was an original proceeding by writ of *quo warranto,* on the information of the attorney general, to try the title of the office of judge of the eighth judicial district, as between the relator and the respondent. The respondent

demurred to the information, the substance of which is stated in the opinion.

*John M. Gilman* and *Bigelow, Flandrau & Clark*, for relator.

*Thomas Wilson, M. J. Severance,* and *I. V. D. Heard,* for respondent.

BERRY, J.   At the general election in November, 1870, Andrew G. Chatfield was duly elected to the office of judge of the eighth judicial district—an office which he continued to hold until the time of his death, at half-past seven o'clock in the forenoon of October 3, 1875.   On October 27, 1875, the respondent, Luther M. Brown, was appointed judge of said district, and qualified and entered upon the duties of his office. At the general election held November 2, 1875, the electors of the eighth judicial district cast about 7,500 votes for the office of district judge, and the relator, Luther L. Baxter, having received a majority of the votes cast, was declared duly elected, upon a canvass by the legislature, and he qualified as by law required; nevertheless the respondent claims to be the judge of said district, and continues to hold and exercise the office of judge, to the exclusion of the relator.   This is a proceeding by *quo warranto,* the object of which is to determine whether the relator or respondent is entitled to said office.

Section 10, art. 6, of our constitution reads as follows, viz. : "In case the office of any judge shall become vacant before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the governor until a successor is elected and qualified; and such successor shall be elected at the first annual election that occurs more than thirty days after the vacancy shall have happened."

The determination of the present controversy depends upon the meaning to be attributed to the words " more than thirty days after the vacancy shall have happened."   A day is the space of twenty-four hours from midnight to midnight.

This is the ordinary and popular meaning of the word, and therefore, *prima facie*, the sense in which it must be taken to have been used in our state constitution, which, as it was made by the people, should be understood as they understood it. Applying this definition to the constitutional provision in hand, it follows that neither the 3d day of October (the date of Judge Chatfield's death) nor the 2d day of November (the date of the election) can be counted as one of the thirty days mentioned in the constitution. Neither that portion of October 3 which remained after Judge Chatfield's death, nor that part of November 2 which preceded the hour of opening or closing the polls, was a space of twenty-four hours from midnight to midnight. Neither could a space of twenty-four hours from midnight to midnight be made up by putting the fraction of October 3 and that of November 2 together.

This construction necessarily leads to the conclusion that the election of the relator, L. L. Baxter, is void. This conclusion is, we think, sustained by a consideration of the object of the constitutional provision in question. While the general purpose of the constitution is to make judicial offices elective, this purpose is qualified by the provisions of § 10. As a part of the qualification the last sentence of the section is evidently inserted, in appreciation of the great importance of judicial offices, and of the consequent necessity that the electors, before being called upon to fill them, shall have such time for enquiry and consideration as will enable them to act with reasonable prudence and good sense in the premises. The evil sought to be provided against was, therefore, such as would result from an election occurring too soon after the happening of a vacancy, rather than such as would follow from deferring an election too long.

If, as respects the question of computation of time, the language of the constitution were, *per se*, so ambiguous as to admit of two constructions equally plausible, it is, upon

the foregoing considerations, clear that the construction should be adopted which will, beyond a peradventure, accomplish this purpose of the constitution. This will require the construction which would give the electors the longest time for deliberation—that is to say, which would give them thirty clear days between the day when the vacancy happened and the day of the election.

This construction has the further advantage of relieving cases of this kind from the obvious practical difficulties and embarrassments which not unfrequently might arise, if it were held to be either necessary or proper to take into consideration fractions of a day in computing the thirty days required by the constitution.

It follows from the foregoing views that the respondent is entitled to the office of judge of the eighth judicial district. The respondent's demurrer to the information is, therefore, allowed, and judgment will be entered accordingly.