[Civ. No. 11006. Second Appellate District, Division One.—June 19, 1936.]

In the Matter of the Estate of JEANETTE GRIENINGER ROHER, Deceased. FLORA M. COLE, Appellant, v. JACK RILEY et al., Respondents.

Louis N. Whealton and Raymond J. Kirkpatrick for Appellant.

Irving M. Smith for Respondents.

ROTH, J., *pro tem.*—This appeal involves the construction of section 609 of the Probate Code prior to its amendment in 1933. It then read as follows: "Compensation of appraisers. Each appraiser is entitled to receive, from each estate he appraises, his actual and necessary expenses and compensation for his services not to exceed five dollars per day, to be allowed by the court; and he must file with the inventory, a verified account of his services and disbursements."

The respondents Merrick and Riley claim that they devoted 118 and 116 days, respectively, to the work of appraising the estate here involved. The record shows nothing in so far as the particularized services of respondent Del Porte are concerned. The bill of exceptions shows that neither of the respondents Merrick or Riley devoted full days to their duties as appraisers. In this connection Merrick testified in substance as follows: " . . . I did not devote my time exclusively to the appraisal of the assets of said estate on those days. I carried on my regular work of appraising and as real estate broker on those days, answering the telephone, carrying on correspondence and interviewing clients. For

example, on the third of March, 1932, my work consisted ·of approximately an hour's conference at the office of Jack Riley. My work in appraising the estate varied from one hour to a full day's work."

Riley admitted in substance: "During said 116 days I carried on my regular office work and on such days made appraisals on other estates for which I charged and received a full day's fee."

In a petition to have the fees of appraisers fixed, appellant alleged, among other things: " . . . petitioner is informed and believes . . . that said compensation claimed is excessive and that said appraisers were not actually engaged in the appraising of said estate for one hundred days and that not to exceed ten days were actually expended by said appraisers in appraising said estate." Exceptions were filed by respondents to this petition, and the court after hearing the evidence acted upon the petition and the exceptions thereto, and made its order allowing $510.50 to Merrick, $517.50 to Riley, and $351 to Del Porte. The appeal is from that order, and involves, as above stated, the construction of the aforesaid code section which, so far as we have been advised, has never been construed.

The statute, except as to the meaning of a "day", is, in our opinion, bluntly clear on its face. It provides that an appraiser is to receive "for his services *not to exceed five dollars per day*". (Italics ours.) A day is defined by section 3259 of the Political Code: "A day is the period of time between any midnight and the midnight following." (*City of Eureka* v. *Diaz,* 89 Cal. 467 [26 Pac. 961]; *Hunt* v. *Hammel,* 142 Cal. 456 [76 Pac. 378]; *Cosgriff* v. *Election Commissioners,* 151 Cal. 407 [91 Pac. 98].) It is apparent to us that the legislature, when it enacted the statute under construction, did not mean that an appraiser would have to work from midnight to midnight in order to perform a day's service and earn "not to exceed five dollars". It is equally apparent to us that the legislature did not mean that five minutes' work or an hour of one's time was equivalent to a day. Laws must be construed with reference to their purpose and the object intended to be accomplished, and if susceptible of two interpretations, that one will be adopted which renders it fair and harmonious for the purpose intended. (*Goldsmith* v. *Board of Education,* 66 Cal. App.

157 [225 Pac. 783]; *Coulter* v. *Pool,* 187 Cal. 181 [201 Pac. 120]; *Evans* v. *Selma Union High School District,* 193 Cal. 54 [222 Pac. 801, 31 A. L. R. 1121]; 23 Cal. Jur. 764.) Webster's New International Dictionary, second edition, defines a day as follows: "Those hours, or the daily recurring period, allotted by usage or law for work, as, an eight-hour day."

■ There was no evidence taken on what the usage in this state or locality is, as to what constitutes a day's work for an appraiser. The most generous proposals and discussions on the subject of a day's work at this period of our social development have fixed a minimum of six hours. Adopting for the purpose of argument a six-hour day as a criterion of a day's work for an appraiser, the evidence fails completely to show that respondents, or either of them, worked 118 or 116 six-hour days. We do not believe it was the purpose of the legislature to permit appraisers to collect a plurality of appraisal fees for the same day's work, and still have abundant time within which to conduct their own businesses. If the statute were given that construction, it would be a prolific source of abuse. As appellant points out, an appraiser might be appointed to appraise eight separate estates, each of which could be readily appraised in one day of eight hours. Instead of taking one estate at a time and thus completing the appraisal of such estate within one day's service, the appraiser might spend one hour of each day on each estate; at the end of eight days all eight estates would have been appraised, and the appraiser under respondents' theory would be entitled to render a bill to each estate for $40, plus expenses, thus collecting fees from the eight estates involved to the amount of $320, plus expenses.

■ Whether or not compensation of $5 per day is fair, is another matter. The legislature at the time the statute was enacted evidently thought it was. It is apparent, however, that the legislature changed its mind on this subject and amended section 609 of the Probate Code in 1933, said amendment being effective as of August 22d of that year. The appraisers in this estate were appointed in February, 1932, and completed their services in that year. They make no claim that they acquired any rights under the amended statute, and we are satisfied that they did not.

Since the evidence does not support the findings of the trial court that respondents actually used in the service of the

estate the number of days for which they are allowed compensation, the judgment must be, and it is, hereby reversed.

Houser, P. J., and Doran, J., concurred.