FINERTY, AUDITOR *v.* BRYAN ET AL.

[No. 27,102. Filed October 17, 1938.]

*George E. Hershman,* for appellants.

*Fred Eichhorn,* for appellees.

SHAKE, J.—Appellees served as inspector, judge, and clerk, respectively, at the primary election held in Lake County on May 3, 1938. They seek by mandate to compel the board of commissioners, the county auditor, and the county treasurer of said county to pay them at the rate of $8 per day for the inspector, and $5 per day for the judge and clerk. The court overruled a demurrer to the complaint, from which the appellants have appealed.

The complaint alleges, in substance, that under the so-called "eight-hour day" act, the appellees are each entitled to $9 for the twenty-four hour period devoted by them in the discharge of their duties at said primary election. They also charge that the board of county commissioners and the board of election commissioners agreed to pay them at the rate of $8 per day for the inspector and $5 for the judge and clerk.

Appellees have filed no brief and, under the practice

of this court, appellants having made a prima facie case of error, we would be justified in reversing the cause on that account, but because of the public interest in the questions presented, we have concluded to consider the case on its merits.

The statute relating to the compensation of primary election officials is as follows: "Each inspector, judge, clerk and sheriff of any primary election shall be allowed and paid three dollars ($3.00) for each day's service while attending to such election and performing the duties of his office." Acts of 1915, Ch. 105, §20, §29-519, Burns' Ann. St. 1933, §7205 Baldwin's 1934.

Appellees rely on chapter 80, Acts of 1889. Section 1 of that act provides: "That on and after the passage of this act, eight hours shall constitute a legal day's work for all classes of mechanics, workingmen and laborers, excepting those engaged in agricultural or domestic labor, but overwork for an extra compensation by agreement between employer and employe is hereby permitted." §40-401 Burns 1933, §10044 Baldwin's 1934.

Section 2 of said act is as follows: "This act shall apply to all persons, firms, corporations, companies or associations employing labor in this State, and to all mechanics, workingmen and laborers, now, or hereafter employed by this State or any municipal corporation herein, through its agents, or officers, or in the employ of persons contracting with the State, or any municipal corporation thereof for performance of labor on the public works of this State, or such corporation." §40-402 Burns 1933, §10045 Baldwin's 1934.

Members of primary election boards are public officers of the State. 20 C. J. 89, §68. They are not mechanics, workmen, or laborers in the sense used in the first section of the act of 1889, quoted above, nor are they employees of the State as contemplated in section 2 of said act.

Nor can the contention of the appellees to the effect that a period of eight hours constitutes a day's service on the part of primary election officials be sustained. In the absence of a specific statute providing otherwise, a day commences at 12 o'clock p. m. and ends at 12 o'clock p. m., running from midnight to midnight. In the case of *Benson* v. *Adams* (1879), 69 Ind. 353, 354, it is said: "When the word 'day' is used in a statute or·in a contract, it means the twenty-four hours, and not merely the day as popularly understood, from sunrise to sunset, or during the time the light of the sun is visible. . . . Unless the meaning of the word is in some way restricted, it will be held to include the twenty-four hours." The case of *Board, etc.* v. *Board, etc.* (1901), 27 Ind. App. 378, 406, 61 N. E. 612, was one involving a claim for allowances by a court bailiff under a statute that fixed his compensation at $2 per day. An appeal was prosecuted from an allowance of compensation for an extra day's service for the period from 6 o'clock p. m. on March 2nd until 6 o'clock a. m. on March 3rd, while he was in attendance upon a jury. The court said: "This allowance was wholly unauthorized. The bailiff was allowed for his attendance on March 2nd and on March 3rd, in another conclusion which we have approved. The statute limiting the allowance to the bailiff to $2 per day contemplates calendar days, each of which is twenty-four hours long. For any and all service performed during a·calendar day he can be allowed no more than the *per diem* compensation so provided."

This court holds, therefore, that §29-519 Burns 1933, (§7205 Baldwin's *supra*), limited and restricted the appellees to compensation at the rate of $3 for each calendar day devoted to service on the primary election board. Neither the board of commissioners nor the board of election commissioners of said

county possessed any power or authority to contract or agree to pay more than the law allowed, and appellees were bound to take notice of that fact.

The cause is reversed, with directions to the trial court to sustain appellants' demurrer to the complaint and for further proceedings not inconsistent with this opinion.