(Nos. 26714, 26715.— )

GEORGE KUZNITSKY, Appellant, *vs.* FRANCIS B. MURPHY, Director of Labor, Appellee.—JACOB LEVINSON *et al.,* Appellants, *vs.* FRANCIS B. MURPHY, Director of Labor, Appellee.

*Opinion filed November 17, 1942.*

HARVEY K. COUSENS, and JULIUS E. SOLOMON, for appellants.

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county, affirming the decision of the Director of Labor, quashing the writ of *certiorari,* and entering judgment against Jacob and Philip Levinson, doing business as Diamond Bakery, in favor of the Director of Labor in the sum of $1159.95, together with interest at 1% per month from November 11, 1940, and finding the total amount due on the date of the entry of the order to be $1294.27,

together with costs. It is also an appeal from a similar order of said court entered on the same date affirming the decision of the Director of Labor and entering judgment against the appellant Kuznitsky, doing business as Kuznitzsky's Bakery, for the total amount due including interest, being the sum of $1386.58 on the date of entry, together with costs. Both cases were heard at the same time by the court and decisions rendered at one and the same time. The two cases have been consolidated on this appeal, it appearing that the same facts and issues were involved in both cases.

The appellants are engaged in the retail bakery business in the city of Chicago. Each of their establishments consists of a retail-bakery store with a bakeshop in the rear of the store. The merchandise sold is baked in the shop and none of the merchandise is sold at wholesale or off the premises. The record shows that each store opens for business about 6 o'clock A. M. for the breakfast trade, and that they begin to prepare for the next day's business by starting the baking operations at about 7 o'clock on the previous evening. By reason of the nature of the business, they must get the dough ready and commence the baking process approximately ten to eleven hours before they open their stores in the morning.

The question involved is the applicability of the Unemployment Compensation Act of the State of Illinois. (Ill. Rev. Stat. chap. 48, par. 217 *et seq.*) The case turns upon a construction of the word "day" as used in the act. The act provides that the term "employer" means (chap. 48, par. 218(e)), "With respect to the years 1937, 1938 and 1939, any employing unit which has or had in employment eight or more individuals on some portion of a day, but not necessarily simultaneously, and irrespective of whether the same individuals are or were employed on each such day within each of twenty or more calendar weeks, whether or

not such weeks are or were consecutive, within either the current or preceding calendar year."

The evidence for Kuznitsky shows that he had in his employment during the years 1937, 1938 and 1939 no more than seven persons on some portion of that period of time extending over twenty-four hours from the beginning of one bakery day or bakery shift to the next working day or bakery shift for twenty or more weeks during the said years, and the record further shows that Kuznitsky had in his employ during those years eight or more persons on some portion of a period of time extending over twenty-four hours from one midnight to the next midnight during said period. The record further shows that said persons in excess of seven were in Kuznitsky's employment because of a union agreement requiring Kuznitsky to employ substitutes to replace regular men at least once a week. The same situation regarding employment arose in the Levinsons' bakery establishment.

It is contended by both appellants that the working, or fiscal, day begins at 7 o'clock P. M. and runs until 7 o'clock the next evening. Counsel for the appellee contends that the evidence does not show that this is a fact because as to the Levinsons, one employee begins work at 7 o'clock in the evening and finishes at 3 o'clock the next morning. Another man comes at 9 o'clock that evening and finishes at 5 o'clock in the morning. Three employees come to work at 5 o'clock in the morning and work until 3 o'clock in the afternoon. A sales girl comes to work at 11 o'clock in the morning and works until 7 o'clock in the evening. Another girl comes to work at 4:30 in the afternoon and works until midnight. With some variation in the hours, a similar program of employment is followed at the Kuznitsky establishment. The appellee contends that in neither case, as a matter of fact, do the appellants conduct their business on a basis which regards 7 o'clock P. M. as the

commencement or beginning of a working day. Appellee contends, in any event, that the word "day," as that word is used in the relevant provisions of the Unemployment Compensation Act, means a calendar day from midnight to midnight.

The appellants claim (1) that the Illinois Unemployment Compensation Act is an act imposing a tax, and therefore must be strictly construed; and if there is any doubt in its meaning, such doubt must be resolved in favor of the taxpayer; (2) the meaning of the word "day" as used in the act does not mean a calendar day but means a work, or business, day. The appellants suggest that taxing laws must be strictly construed and they are not to be understood by implication beyond the clear import of the language used, but in case of doubt they are construed most strongly against the government and in favor of the taxpayer. *Majestic Household Utilities Corp.* v. *Stratton,* 353 Ill. 86; *Peoples Gas Light and Coke Co.* v. *Ames,* 359 id. 153.

In support of their contention that the Illinois Unemployment Compensation Act is an act imposing a tax, the appellants cite *Steward Machine Co.* v. *Davis,* 301 U. S. 548, and *Helvering* v. *Davis,* 301 U. S. 619. However, in the view we take of this case it is not necessary to make such a ruling. The wording of the Illinois act is not ambiguous and is definite enough to permit its application to the case at bar without serious difficulty. We do not find any basis in the act for saying because the word "calendar" appears before the word "day" in various other places in the act and is omitted before the word "day" in paragraph 218(e) (1) (A) that the legislature did not so intend to regulate and limit the word "day" to being a "calendar day." In the case at bar it is undisputed that during a day as computed from 12 midnight to 12 midnight, there would be more than seven persons employed.

The act provides that "employer" means a unit which has in employment eight or more individuals on some portion of a day, and adds the words "but not necessarily simultaneously." This language strongly indicates the use of a regular calendar day. In addition, the use of the words following "and irrespective of whether the same individuals are or were employed on each such day within each of twenty or more calendar weeks" impresses one that the legislature was thinking of a combination of circumstances which would involve the employment of eight or more individuals. The appellants might equally as well argue that their days began at 6 o'clock in the morning or at any other hour when one of their employees commences his work as to adopt arbitrarily, for the purpose of avoiding the act, the hour of 7 o'clock in the evening. We believe that if the legislature had contemplated or intended any other or different day than the ordinary calendar day when they speak of "portion of a day" they would have said so by appropriate language.

Where the computation of time has become necessary, our courts have always taken as a basis a twenty-four-hour day from midnight to midnight. In *People ex rel. Harless v. Hatch,* 33 Ill. 9, where the constitution allowed the Governor ten days within which to act, it was held that he had until midnight of the tenth day in which to return a bill to the legislature. In many cases in this State and in foreign jurisdictions the same construction of a day has been adopted.

We believe there is no escape from the language of the statute in question and that it clearly makes the appellants subject to the act. The judgments of the circuit court of Cook county will be affirmed. *Judgments affirmed.*