WILLIAM N. BOOKER & others *vs.* CHIEF ENGINEER OF THE FIRE DEPARTMENT OF WOBURN.

Middlesex.    April 6, 1949. — April 27, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Woburn. Fireman. Municipal Corporations*, Fire department. *Time. Words,* "Day."

A requirement of a duty schedule promulgated by the chief engineer of the Woburn fire department, that once each week members of the permanent uniformed fire fighting force be on duty from midnight until 3 A.M. and from the following 7 P.M. until midnight was not in compliance with the provision of St. 1948, c. 661, § 2, that "Hours of duty within a calendar day shall be consecutive"; nor did a further provision of the schedule allowing the members each week a period off duty running from 3 A.M. to the following 3 A.M. comply with the requirement of the statute that the members be allowed not less than one "day" off in each week.

The words "one day" in St. 1948, c. 661, § 2, mean a calendar day or the period from midnight to midnight.

BILL IN EQUITY, filed in the Superior Court on July 15, 1948.

The suit was heard by *Morton*, J.

*J. E. Henchey*, for the plaintiffs.

No argument nor brief for the defendant.

SPALDING, J.   Under the provisions of St. 1948, c. 661, § 1, the "hours of duty of the permanent members of the uniformed fire-fighting force in the city of Woburn shall be so established by the chief engineer or other officer or officers having charge of fire fighting that the average weekly hours of duty in any year . . . shall not exceed forty-eight in number."   Section 2 of that statute provides that the "Hours of duty within a calendar day shall be consecutive and said members shall be entitled to not less than one day off in each calendar week."   This statute was duly accepted by the voters of the city of Woburn (hereinafter called the city) and is now in effect.   A controversy having arisen as to the interpretation of § 2, the plaintiffs, who are members of the permanent uniformed fire fighting force of the city, brought this bill for declaratory relief against the chief engineer of the city's fire department.

The questions for decision arise in this way: After St. 1948, c. 661, took effect, the defendant put into operation a schedule which requires the members of the city's fire fighting force to work in three shifts of eight hours each, that is, from 3 A.M. to 11 A.M., from 11 A.M. to 7 P.M., and from 7 P.M. to 3 A.M.   Under this arrangement each member of the force is on duty two consecutive days from 7 P.M. to 3 A.M. This means that once each week during a calendar day running from midnight to midnight a member will be on duty from midnight until 3 A.M. and from 7 P.M. until midnight.   It is contended that this is not in compliance with that portion of § 2 of c. 661 which requires that the "Hours of duty within a calendar day shall be consecutive." Under the schedule each member of the force is off duty one day a week starting at 3 A.M. on one day and ending at 3 A.M. on the following day.   The plaintiffs contend that under § 2 they are "entitled to not less than one day off

in each calendar week" and that this means a calendar day running from midnight to midnight.

The judge ruled that the schedule met the requirements of § 2 and a decree was entered accordingly, from which the plaintiffs appealed.

As stated above, under the schedule the plaintiffs are obliged once a week to be on duty from midnight until 3 A.M. and from 7 P.M. to midnight. Plainly this is not in compliance with the provision requiring that the hours of duty within a calendar day shall be consecutive.

We are also of opinion that in providing that the day off shall run from 3 A.M. to 3 A.M. the schedule does not meet the requirements of the statute. It is true that in that part of § 2 which provides that the "members shall be entitled to not less than *one day* off in each calendar week" the word "calendar" before the word "day" is omitted, although earlier in the same sentence in dealing with hours of duty the expression "calendar day" is used (emphasis supplied). Nevertheless, we think that the word "day" means a calendar day. Words and phrases used in our statutes (with the exception of those which are technical or have acquired a peculiar meaning in law) "shall be construed according to the common and approved usage of the language." G. L. (Ter. Ed.) c. 4, § 6, Third. It has generally been held that the word "day" when not qualified means a calendar day. *The Pocket Veto Case,* 279 U. S. 655, 679. *Kuznitsky* v. *Murphy,* 381 Ill. 182. *State* v. *Richardson,* 16 N. D. 1, 8. *Long* v. *Wichita Falls,* 142 Texas, 202, 206. See *Opinion of the Justices,* 291 Mass. 572, 577. And a calendar day is the space of time that elapses between two successive midnights. *Kuznitsky* v. *Murphy,* 381 Ill. 182. *Moag* v. *State,* 218 Ind. 135, 141. *State* v. *Brown,* 22 Minn. 482. *Pannell* v. *Glidewell,* 146 Miss. 565, 568. *Shaw* v. *Dodge,* 5 N. H. 462. *Kane* v. *Commonwealth,* 89 Pa. 522, 525.

The decree of the court below is erroneous and is reversed with costs. A new decree is to be entered consistent with this opinion.

*So ordered.*