(No. 4157

COUNTY OF RANDOLPH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1950.*

JOHN A. HEUER, State's Attorney, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, County of Randolph, Illinois, by the chairman of its Board of County Commissioners and its State's Attorney, filed its complaint on December 30, 1948, seeking recovery from respondent of the sum of $2,549.20.

Claimant's action is based on a specific statute which

confers jurisdiction upon the Court to hear cases under such statute. Ill. Rev. Stat. 1947, Chap. 65, Secs. 37-39; Chap. 37, Sec. 439.8.

Previously the Court granted an award in another case under the same statute, *County of Will* v. *State,* No. 4104, opinion filed April 19, 1949, and in its opinion the Court set forth the substance of the applicable sections of the statute involved which will not be repeated in this opinion.

Suffice it to say that the purpose of the specific statute is to reimburse Illinois counties wherein are located State penal or charitable institutions, for the expenses, costs and fees incurred by reason of the continuing flood of petitions for habeas corpus that are filed in such counties by non-residents of such counties. The statute applies primarily to the Counties of Will and Randolph, and allows such counties to recover fees and expenses incurred. The cases naturally involve positions *in forma pauperis.*

After the original hearing before a commissioner in the case, the Court, on its own motion, remanded the case to another commissioner to take further testimony on certain aspects of the case which the Court felt should be developed by further proof.

Between the dates of July 18, 1947, and December 1, 1948, there were filed in the office of the Clerk of the Circuit Court of Randolph County, 178 petitions for writs of habeas corpus by inmates of the Illinois State Penitentiary. None of those petitioners were at the time of their commitment residents or committed by any court of Randolph County, and all proceeded as poor persons under Rule 39 of the Rules of the Circuit Court of Randolph County. The Clerk of the Circuit Court, therefore, should have been paid the sum of $890..00, since his fee

for filing each petition for writ of habeas corpus is $5.00. Ill. Rev. Stat. 1947, Chap. 53, Sec. 31. *County of Will* v. *State,* supra.

Out of the 178 petitions for writs of habeas corpus filed, writs were awarded and hearings were held in 68 cases.

In these 68 cases, at the request of the Attorney General of Illinois, a photostatic copy of the petition was furnished to him by the Clerk of the Circuit Court at a cost of $1.00 per case. Such charge is reasonable and is a reimbursable expense under the specific statute involved in this case. *County of Will* v. *State,* supra.

However, in the same 68 cases the Sheriff of Randolph County maintains that he should have been paid $2.00 for serving each writ of habeas corpus, $1.00 for returning each writ, and 40 cents for mileage, or $3.40 per case, amounting to $231.20 for the 68 cases. However, we can find no statutory provision allowing the sheriff all of the fees he claims. The applicable section of the Fees and Salaries Act, Ill. Rev. Stat. 1947, Chap. 53, Sec. 37, does not mention the allowance of any fees or mileage for serving a writ of habeas corpus. But for returning the writ, the sheriff should be allowed $1.00 in each case.

Although the sheriff might have been entitled to other fees in connection with his duties with writs of habeas corpus, the record in this case is silent thereon, and any award in excess of $68.00 for sheriff's fees must be denied.

In the 68 cases above referred to the State's Attorney has claimed a fee of $20.00 per case based on the following section of the Fees and Salaries Act:

"State's Attorneys shall be entitled to the following fees: . . . .
For each day actually employed in the hearing of a case of habeas

corpus in which the people are interested, $20." (Ill. Rev. Stat. 1947, Chap. 53, Sec. 8.)

The record shows that such 68 cases were heard on eleven different days. On two different days 14 cases were heard: on one day 12; on two days 9; on one day 5; on one day 3; on one day 2, and three days 1.

Although to some the allowance to the State's Attorney of as much as $280.00 for one day's work in connection with habeas corpus cases might appear excessive, the fact remains that the statute above quoted allows him $20.00 per case when a hearing is held and will permit of no proration.

Our conclusion in this regard is supported by the decisions of the courts of Illinois, some of which will be mentioned.

In *Fiedler* v. *Eckfeldt,* 335 Ill. 11, at page 17, it was held that the law does not regard fractions of a day and that "the day is, in general, regarded as an indivisible unit of time, so that any act done in the compass of it is no more referable to any one portion of it than to any other portion." See also *Kuznitsky* v. *Murphy,* 381 Ill. 182.

In *Anthony* v. *Gilbrath,* 396 Ill. 125, at page 128, the court held as follows: "The word 'hearing' is a familiar term and is generally understood as meaning a judicial examination of the issues between the parties, whether of law or fact." *Glennon* v. *Britton,* 155 Ill. 232. See also, *Menard* v. *Bowman Dairy Co.,* 276 Ill. App. 323.

The U. S. Court of Appeals for the Seventh Circuit in *Bowles* v. *Baer,* 142 F. 2d 787, stated that the indicia of a hearing were parties, issues of law or fact, action taken which may materially affect the rights of the parties, proceedings usually public, representation by counsel, if not in person, a record of the proceedings, partici-

pation in the proceedings, argument and briefing of the case and entitlement to a copy of the order resulting.

In view of the above authorities the State's Attorney was entitled to $20.00 per case in 68 cases, or a total of $1,360.00.

The County of Randolph is therefore entitled to an award of $2,386.00, and an award is entered in its favor for such sum.