89 So.2d 578

### SCOTCH LUMBER COMPANY, Inc.

v.

### W. Larue HORN, Commissioner of Revenue.

3 Div. 766.

Supreme Court of Alabama.

Sept. 6, 1956.

John Patterson, Atty. Gen., and Willard W. Livingston, and Wm. H. Burton, Asst. Atty. Gen., for appellee.

Adams, Gillmore & Adams, Grove Hill, for appellant.

MERRILL, Justice.

The appellant, Scotch Lumber Company, Inc., filed a bill for declaratory judgment seeking a judicial interpretation of Section 585 of Title 51, Alabama Code of 1940. The statute, as amended in 1945, provides:

> "Each person, firm or corporation engaged in operating a saw mill, heading mill or stave mill shall pay a privilege tax according to capacity as follows: Those having a capacity of five thousand feet or less per day, ten dollars; those having a capacity of more than five thousand and not exceeding ten thousand feet per day, twenty-five dollars; those having a capacity of more than ten thousand and not exceeding twenty-five thousand feet per day, fifty dollars; those

having a capacity of more than twenty-five thousand feet and not exceeding fifty thousand feet per day, one hundred dollars; those having a capacity of more than fifty thousand feet per day and not over one hundred thousand, two hundred dollars; those having a capacity of one hundred thousand and not over one hundred fifty thousand, three hundred dollars; those having a capacity of more than one hundred fifty thousand, and not more than two hundred thousand, four hundred dollars; and those having a capacity of more than two hundred thousand feet, five hundred dollars. Provided only one state license shall be paid by the operator or owner of any saw mill."

The appellant's saw mill usually operated 18 hours each day, and has an average production of around 90,000 feet of lumber per day, or about 5,000 feet per hour of operation. Appellant has been paying its tax under the quoted statute on the basis of a capacity of 40,000 feet per day, that being the usual capacity output for the normal working day of eight hours. The Commissioner of Revenue claims that appellant should pay a license of $200 because it produces between 50,000 and 100,000 feet per day in the two shifts of nine hours each. The lower court held that the term "day" as used in the statute "is a twenty-four hour period, from 12:01 A.M. through 11:59 P.M." and that appellant was liable for the $200 license. All of appellant's assignments of error are directed at, and based upon, this holding of the trial court.

Appellant urges us to construe the word "day" in the statute as meaning an eight-hour working day, and cites In re Roher's Estate, 14 Cal.App.2d 669, 58 P.2d 948 and Fay & Egan Co. v. Brown, 96 Wis. 434, 71 N.W. 895 in support of its contention. We think it requires a forced application for these cases to be apt authorities for the question here presented. The first case [14 Cal.App.2d 669, 58 P.2d 949] involved the construction of a statute which fixed the compensation of appraisers of estates at " 'not to exceed five dollars per day.' " The court said that the Legislature "did not mean that an appraiser would have to work from midnight to midnight in order to perform a day's service and earn 'not to exceed five dollars.' It is equally apparent to us that the Legislature did not mean that five minutes' work or an hour of one's time was equivalent to a day." The court held that the appraisers were not entitled to compensation for as many days as they claimed they had worked. The other case [96 Wis. 434, 71 N.W. 897] involved the use of the word "day" in a contract and the court held that it would be "construed in [its] ordinary sense as commonly used, and not in a strained or unusual sense."

■ We are aware of the rule that every doubt as to the construction of a statute imposing a license tax must be resolved in the taxpayer's favor, and the construction most favorable to him adopted, where the language is susceptible of two meanings. See State v. Coastal Petroleum Corp., 240 Ala. 254, 198 So. 610; Williams v. City of Dadeville, 35 Ala.App. 319, 46 So.2d 427; State v. Dr. Pepper Bottling Co., 26 Ala.App. 125, 155 So. 92, certiorari denied 228 Ala. 607, 155 So. 93. But where the language of a statute is unambiguous, the clearly expressed intent must be given effect. State v. Bay Towing & Dredging Co., 264 Ala. 187, 85 So.2d 890(4); State v. Thames, Jackson, Harris Co., 259 Ala. 471, 66 So.2d 733.

■■ In construing the word "day" in a statute, this court said, in McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463, 464: "As defined by statute and within the meaning of the law a day means 24 hours, the period of time between any midnight and the midnight following." We think that is the unambiguous and certain meaning of the word in the statute here in question. We concur with the Supreme Court of Indiana which quoted with

approval in Finerty v. Bryan, 214 Ind. 570, 16 N.E.2d 882, 883 the following:

" 'When the word "day" is used in a statute or in a contract, it means the twenty-four hours, and not merely the day as popularly understood, from sunrise, to sunset, or during the time the light of the sun is visible. * * * Unless the meaning of the word is in some way restricted, it will be held to include the twenty-four hours.' " See also Kuznitsky v. Murphy, 381 Ill. 182, 44 N.E.2d 893; Booker v. Chief Engineer of Fire Department of Woburn, 324 Mass. 264, 265, 85 N.W.2d 766.

The decree of the lower court is due to be affirmed.

Affirmed.

SIMPSON, GOODWYN and SPANN, JJ., concur.