BLAND *v.* PHILLIPS ET AL.

[No. 20,065. Filed January 21, 1966.]

*Hoffman, Moppert & Solomon,* of Fort Wayne, for appellant.

*Guy Stookey* and *Ora R. Kuhlman,* of Fort Wayne, for appellees.

SMITH, P. J.—This appeal stems from a judgment entered by the Allen Circuit Court in a cause of action instituted by George Phillips, Mary Didrick, John Phillips and Joseph Phillips, appellees herein, against Sara S. Bland, appellant herein. The action was brought to set aside a conveyance of real estate from Sarah G. Phillips to Sara S. Bland; and to set aside an assignment of a contract for the sale of the real estate described in the deed made by Sarah G. Phillips to Sara S. Bland. The appellees and the appellant were the children and natural heirs of Sarah G. Phillips.

The complaint was in two paragraphs and raised the issues of fraud, undue influence and misrepresentation. The answer filed by the appellant Sara G. Bland was filed pursuant to the provisions of Rule 1-3 of the Rules of the Supreme Court of Indiana.

Upon the issues thus joined, the cause was submitted for trial without the intervention of a jury. The issue of fraud and misrepresentation was decided by the trial court in favor of the appellees. There was no specific finding by the trial court on the issue of undue influence. The judgment of the trial court, in pertinent part, reads as follows:

"The Court having had the above entitled cause of action under advisement and being fully advised in the premises, finds for the plaintiffs and that the allegations of their complaint in two paragraphs are true; that the defendant obtained the deed of conveyance referred to in plaintiffs' complaint . . . from Sara[h] G. Phillips, now deceased, by fraud and misrepresentation and that the defendant obtained the Assignment of Contract referred to in the plaintiffs' complaint from Sarah G. Phillips, now deceased, by fraud and misrepresentation.

"It is, therefore, adjudged, ordered and decreed by the Court that the deed in plaintiffs' complaint mentioned, purporting to have been made and executed on the 12th day of December, 1957 by Sarah G. Phillips to Sara S. Bland, be and the same is hereby cancelled and set aside and declared null and void.

"It is further adjudged, ordered and decreed by the Court that the Assignment of Contract in the plaintiffs' complaint mentioned, purporting to have been made and executed on the 12th day of December, 1957 by Sarah G. Phillips to Sara S. Bland, be and the same is hereby cancelled and set aside and declared null and void.

"It is further adjudged, ordered and decreed by the Court that all contract payments heretofore ordered made to the Clerk of this Court by the contract purchasers, Allen Harris and Willie Mae Harris, be and the same are hereby ordered released and paid over to the personal representative of the decedent by the Clerk of this Court. . . ."

A motion for a new trial was timely filed alleging therein the following:

1. the decision of the court is not sustained by sufficient evidence;
2. the decision of the court is contrary to law; and
3. certain errors of the trial court occurring during the trial involving the admission of evidence.

The trial court overruled the motion for a new trial. The sole error assigned in the Assignment of Errors was the overruling of the motion for a new trial.

The appellees have not filed an answer brief but did, however, file a motion to affirm the judgment, or in the alternative to dismiss the appeal. The motion is predicated primarily

upon the failure of the Clerk of the Court to properly insert the Clerk's certificate in the transcript, namely, that the certificate of the Clerk in the transcript preceded the purported bill of exceptions. Following the filing of this motion, on February 26, 1964, the appellant filed a petition to withdraw the transcript for the purpose of making corrections. On March 9, 1964, the appellees filed an answer to appellant's petition to withdraw the transcript and requested this Court to deny the request of appellant to withdraw the transcript for the purpose of making corrections.

On April 28, 1964 appellees' petition for extension of time to file appellees' brief was granted by this Court, and the time to file said brief was extended until sixty days following May 20, 1964.

Assuming, without deciding, that the Clerk's certificate was not properly placed in the transcript, the appellees are not now in a position to raise this question. Rule 2-16 of the Supreme Court requires the petition for extension of time to "state facts showing that the court in which the cause is pending has jurisdiction and that the *briefs will be on the merits.*" (Emphasis supplied). An objection that the Clerk's certificate is not properly placed in the transcript does not go to the merits of the appeal and by the appellees' petition for extension of time the alleged error was waived. *Gamble, et al.* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. (2d) 629; *Brodt* v. *Duthie, et al.* (1933), 97 Ind. App. 692, 186 N. E. 893.

On May 20, 1964 this Court denied the motion to dismiss this appeal and withheld a ruling on the motion to affirm until the case was disposed of on its merits.

On March 31, 1965, the appellant filed a petition with this Court petitioning this Court to enter judgment for the appellant. The appellant contends in said motion that no appellees' answer brief to the merits has been filed, and that the time for filing such a brief expired approximately six months

before. The appellant further contends in said petition that the appellant's brief establishes prima facie reversible error.

The general rule followed by our courts of appeal is that if an appellee fails to file an answer brief and the appellant in his brief has presented to the court of appeal a prima facie showing of reversible error, the cause of action may be reversed. *State ex rel. Board of Medical Registration and Examination* v. *Stucker* (1953), 232 Ind. 76, 111 N. E. (2d) 714; *Reed Adm.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. (2d) 1015; *State* v. *Rousseau* (1936), 209 Ind. 458, 199 N. E. 587; *Finerty, Auditor* v. *Bryan, et al.* (1938), 214 Ind. 570, 16 N. E. (2d) 882.

In deciding whether the appellant in the case at bar has made a prima facie showing of reversible error it is necessary to examine the complaint and the evidence submitted in support of the allegations contained therein. The complaint in substance alleged that the appellant Sara S. Bland, through undue influence, fraud and misrepresentation influenced her mother, Sarah G. Phillips, to give the appellant a deed of conveyance to real estate owned by Mrs. Phillips. Mrs. Phillips had previously sold the real estate described in the deed of conveyance on contract to Allen and Willie Mae Harris, husband and wife, for the sum of $13,000.00, payable $500.00 in cash and the sum of $100.00 in monthly installments until paid in full. The complaint alleged that the appellant, through undue influence, fraud and misrepresentation, influenced her mother, Mrs. Phillips, to assign this contract of sale to the appellant.

The evidentiary facts as they appear in the record can be summarized as follows.

Sarah G. Phillips, the mother of the appellant and appellees, was born and married in the country of Rumania sometime before 1920. Mrs. Phillips came to this country with her husband and shortly thereafter her husband died, leaving five children to be raised and supported by Mrs. Phillips.

The oldest daughter Sara (the appellant herein) was raised in an orphans' home. The mother retained custody of the four youngest children, to-wit: Joseph, George, Mary and John, the appellees herein.

The family made their home with an uncle for a couple of years after the death of their father, after which their mother provided a home for them.

In 1921 Mrs. Phillips bought three lots on Beadell Street in the City of Fort Wayne, and in 1925 she purchased the real estate upon which she built her residence.

Mrs. Phillips was extremely industrious—she raised vegetables, took in boarders and roomers, she improved the lots which she owned on Beadell Street and rented the improvements erected thereon.

In the 1950's she operated a retail liquor store out of the front part of her home. In 1957 she negotiated the sale of her rental property and her home and moved into a garage apartment, located at the rear of her oldest daughter's property, in order that her oldest daughter, a registered nurse, could take care of her when she needed assistance and nursing care.

At this stage of her life she possessed the following assets: ten thousand dollars in cash, a real estate contract with a balance due of twelve thousand five hundred dollars, a Rumanian Society insurance policy on her life of seven hundred dollars to be used for her burial expenses, a joint bank account with her oldest daughter (which account had a balance of fifteen hundred dollars at the time of her death), cash in the amount of seven hundred and fifty dollars to be used for the purchase of United States bonds for her grandchildren, and five Prudential Insurance Company life insurance policies on the lives of each of her children on which she paid all of the premiums.

On December 12, 1957, Mrs. Phillips had a conference with her attorney and a neighbor, whom she had known for some thirty years. At this conference she informed them that she

wanted to deed her real estate to her oldest daughter, the appellant herein, who had made a home for her and had looked after her from the time she moved into the apartment. The attorney then drafted a "long hand" assignment on the back of the real estate contract thereby transferring it to her oldest daughter, Sara S. Bland. Because she was not able to write, she made her mark on the assignment, and the neighbor and attorney witnessed the making of her mark. At the same time she deeded the property, subject to the contract of sale, to the appellant herein, which deed she also signed by making her mark, the signing of which was witnessed by the neighbor and notarized by the attorney. The deed was recorded by the appellant on December 13, 1957; and the contract of sale and assignment thereof was recorded by the appellant on December 1, 1958.

On February 12, 1958, Mrs. Phillips gave ten thousand dollars in cash to her two daughters, Mary and Sara, with direction to deposit the money in joint savings accounts of two thousand dollars each in the joint names of Mrs. Phillips and each of her five children.

Approximately eighteen months later, she set aside five hundred dollars of United States Bonds for her grandson Bobby; one hundred and twenty-five dollars in United States Bonds for her grandson Joey; and one hundred and twenty-five dollars in United States Bonds for her grandson Jerry.

In the fall of 1959, she loaned one thousand dollars to her daughter Mary for a new home (there was no evidence as to whether or not the one thousand dollar loan was ever repaid), and she also gave two thousand dollars to her daughter Mary which had previously been deposited in a joint savings account in name of Mrs. Phillips and Mary Didrick.

There also was evidence that Mrs. Phillips had made money gifts to her other children.

During the last two and one-half years of her mother's life, following the transfer of the property to the appellant,

the appellant took care of her mother and furnished the apartment in which she lived without any rental charge.

In the months of July and August of 1960, Mrs. Phillips was hospitalized on two separate occasions for a total period of seven weeks. She died at her home on the day she was last released from the hospital.

The complaint specifically alleged that the appellant obtained the assignment of the real estate contract and the deed to the property described in the contract through fraud and misrepresentation, and the trial court so found in his decree and judgment.

The undisputed evidence does not disclose any acts of fraud or misrepresentation. In fact, the evidence was exactly to the contrary. The appellant testified that she first knew of the assignment and transfer when her mother, Mrs. Phillips, directed the attorney to make the assignment and transfer; that she had never before that time discussed the assignment and transfer with her mother; and neither had she done anything to influence her mother to secure the transfer. This uncontroverted evidence of the appellant was verified by the neighbor-witness who testified that the transfer was made at the direction of Mrs. Phillips; that Mrs. Phillips said she wanted the oldest daughter (appellant herein) to have the property. This neighbor-witness also testified that at the time of the signing of the assignment of the contract of sale and the deed, that the appellant and her husband said nothing and took no part in the proceedings.

The evidence disclosed that Mrs. Phillips consulted with all of her children concerning her business affairs, but she relied principally on the appellant to assist her during her later years.

The appellees attempted to establish their cause of action against the appellant without producing any positive or actual proof of fraud, misrepresentation or undue influence. They primarily based their claim on circumstances of the transac-

tion; that the property had been given to the appellant as a gift without payment; that there had been an unequal distribution of their mother's property; and that their mother relied principally on the appellant to assist her in handling her affairs.

The prevailing rule governing transfers of property from a parent to a child is that a gift from a parent to a child is a natural, proper and orderly transaction. It is what the paternal or maternal feeling of a father or mother prompts them to do. That such a gift from a parent to a child is presumed to be proper and just in all respects until the contrary is made to appear by proof of some element of positive fraud or by some act of undue influence.

In the case of *Westphal* v. *Heckman, et al.* (1916), 185 Ind. 88, 93, 113 N. E. 299, 301, speaking through Judge Lairy of the Supreme Court of Indiana, the relationship of parent and child is discussed as follows:

"There are certain legal and domestic relations in respect to which the law raises a presumption of trust and confidence on one side and corresponding influence on the other. The relations of attorney and client, principal and agent, husband and wife and *parent and child* belong to this class and there may be others. Where such a relation exists between two persons and the one occupying the superior position has dealt with the other in such a way as to sustain a substantial advantage, the law will presume that improper influence was exerted and that the transaction is fraudulent. *Keys* v. *McDowell* (1913), 54 Ind. App. 263, 100 N. E. 385, and cases there cited.

"This so-called presumption when indulged arises out of relations which exist between the contracting parties regardless of any facts or circumstances having a tendency to show that a confidence was reposed by one of the parties and an influence gained by the other. Proof of the existence of such a relation between the parties establishes *prima facie* that the dominant party to such relation occupies a position of trust and confidence which he must not abuse. *This rule, however, is applied only as against the one who is assumed to be the dominant party in the relation shown. In the relation of parent and child the parent*

*is assumed to be the dominant party, and, where one seeks*
*to show that the child is the dominant party, he must do*
*so by showing the condition and situation of the parties,*
*their treatment of each other, and other circumstances*
*from which such ultimate fact may be inferred, and unless*
*such fact is found by the court or jury trying the issue*
*he cannot prevail. This court has held that no presump-*
*tion of fraud or undue influence arises in a case of a*
*conveyance from a parent to child on account of the mere*
*existence of such relation.* In the case of *Teegarden* v.
*Lewis* (1895), 145 Ind. 98, 40 N. E. 1047, 44 N. E. 9, it
was said 'Cases of this kind plainly turn upon the exercise
of actual undue influence, and not upon any presumption
of invalidity. 2 Pomeroy, Eq. Jurisp. Sec. 962; 1 Bigelow,
Law of Fraud 357; *Saufley* v. *Jackson* (1856), 16 Tex.
579; Wessell v. Rathjohn (1883), 89 N. C. 377, 45 Am.
Rep. 696; *Beanland* v. *Bradley* (1854), 2 Smale & G. 339;
*Tenbrook* v. *Brown* (1861), 17 Ind. 410; *Slayback* v. *Witt*
(1898), 151 Ind. 376, 50 N. E. 389; and cases there cited.
. . ." (Emphasis supplied)

See also, *Koenig, Receiver for Aldrich-Williams, Inc.* v.
*Leas* (1959), 240 Ind. 449, 456, 165 N. E. (2d) 134.

It is our opinion that because the appellees did not produce
any actual or positive evidence of fraud or undue influence
in support of the allegations contained in their complaint,
such evidence cannot be legally presumed. The decision of
the trial court was, therefore, not sustained by sufficient evi-
dence.

It is further our opinion that the appellant in her brief
has clearly demonstrated prima facie reversible error; and
that the judgment of the court below should be reversed with
instruction to sustain the defendant's motion for a new trial.

Judgment reversed.

Bierly, Hunter and Mote, JJ., concur.

NOTE.—Reported in 213 N. E. 2d 339.