MILITARY SERVICE LEAVE REGULATIONS (1) The thirty (30) day provision included in 44 O.S. 209 [44-209] (1971) and 72 O.S. 48 [72-48] (1971), means thirty (30) calendar days and not thirty (30) working days; (2) The term "leave of absence" as included in the before cited statutory provisions is a period exclusive of any vacation time allowed the particular officer and/or employee; (3) The phrase "all officers and employees of the State" as used in the before cited statutory provisions refers to those officers and employees who are employed twenty-five (25) hours or more a week; (4) The statement "when ordered by proper authority" includes service on active duty required either pursuant to a mandatory reserve obligation or that service required pursuant to a voluntary contracted obligation. The Attorney General has considered your opinion request with reference to the provisions of 44 O.S. 209 [44-209] (1971) and 72 O.S. 48 [72-48] (1971), wherein you ask the following: "(1) Does the reference to "thirty (30) days" mean thirty (30) calendar days or thirty (30) working days? "(2)Where the State Agency has an established vacation policy, is the "leave of absence" to be exclusive of such vacation time, or may the Agency deduct the military leave from the earned vacation of the employee? "(3) Does the reference to "all officers and employees of the State" refer to only full time employees or does it cover part time and temporary employees? "(4) Does the statement "when ordered by proper authority" include only service ordered without the employee's consent, or does it include "service" for which the employee may volunteer in addition to that required by virtue of service or contract obligation?" Title 44 O.S. 209 [44-209] (1971), provides as follows: "All officers and employees of the State, or a subdivision thereof, or a municipality therein, who are members of the National Guard, shall, when ordered by a proper authority to active service, be entitled to a leave of absence from such civil employment for the period of such active service, without loss of status or efficiency rating and without loss of pay during the first 30 days of such leave of absence." Title 72 O.S. 48 [72-48] (1971), provides as follows: "All officers and employees of the State, or a subdivision thereof, or a municipality therein, who are members, either officers or enlisted men of the Reserve Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Woman's Auxiliary Corps, or any other component of the Armed Forces of the United States, shall, when ordered by the proper authority to active duty or service, be entitled to a leave of absence from such civil employment for the period of such active service without loss of status or efficiency rating and without loss of pay during the first thirty (30) days of such leave of absence." The word "day" in a statute, absent qualification, generally means a calendar or a civil day consisting of 24 hours from midnight to midnight, Dinkler v. Jenkins, 163 S.E.2d 443, 450, 119 Ga. App. 239; Booker v. Chief Engineer of Fire Dept. of Woburn, 85 N.E.2d 766,767, 324 Mass. 264. In McAlester v. Oklahoma Tax Commission, 50 P.2d 647, 649, 174 Okl. 322, the word "day", interrelated with the constitutional provision relating to the approval or veto of bills by the Governor of the State of Oklahoma, was held to mean a calendar day and not a legislative day. Therefore, the term thirty (30) days, not otherwise being qualified, means thirty (30) calendar days and not work days. Title 72 O.S. 209 [72-209] (1971), was derived from a 1929 law which specifically stated that no deductions from the pay or vacation period of such Armed Forces member would be made on account of such leave of absence. Further, vacation time not normally being construed to constitute a "leave of absence" period itself, "leave of absence" as used in Sections 48 and 209, would logically be exclusive of any vacation and/or holiday time otherwise provided, and as such, the agency may not deduct the military leave period from the earned vacation of the employee. An " employee " is defined by 40 O.S. 197.4 [40-197.4](f)(9) (1972) as follows: "`Employee' includes any individual employed by an employer but shall not include: (9) any person employed as part-time employee not on permanent status. A part time employee is defined as an employee who is employed less than twenty-five (25) hours a week." Accordingly, only those officers and/or employees who are employed twenty-five (25) hours or more a week would be included herein. The phrase "when ordered by proper authority" would not include any voluntary act on the part of the officer or employee, the word "order" itself inferring an involuntary dictate upon the recipient of said order. The general connotation of "order" is that of a command or direction authoritatively given, Brady v. Interstate Commerce Commission, D.C. W. Vir.,43 F.2d 847. It is noted that an individual might contract, on a volunteer basis, a military obligation in excess of that required by law, and pursuant to that obligation, might be ordered by proper authority to certain periods of active service. This contract obligation, even though entered into voluntarily, would fall within subject provision permitting pay during the first thirty (30) days of such leave of absence, such absence being pursuant to orders from the proper authority and the statutory authority not relying upon the origin of obligation. It is therefore the opinion of the Attorney General that your questions be answered as follows: (1) The thirty (30) day provision included in 44 O.S. 209 [44-209] and 72 O.S. 48 [72-48] (1971), means thirty (30) calendar days and not thirty (30) working days; (2) The term "leave of absence" as included in the before cited statutory provisions is a period exclusive of any vacation time allowed the particular officer and/or employee; (3) The phrase "all officers and employees of the State" as used in the before cited statutory provisions refers to those officers and employees who are employed twenty-five (25) hours or more a week; (4) The statement "when ordered by proper authority" includes service on active duty required either pursuant to a mandatory reserve obligation or that service required pursuant to a voluntary contracted obligation. (Larry L. French) ** SEE: OPINION NO. 76-161 (1976) **