[No. 13243. Department One.— June 16, 1891.]

## THE CITY OF EUREKA, RESPONDENT, v. JOHN DIAZ ET AL., APPELLANTS.

STATUTORY CONSTRUCTION — INTENT OF LEGISLATURE — UNAMBIGUOUS LANGUAGE — OBJECT OF ACT. — Although in the construction of statutes the intent of the legislature should be followed, yet where the language is free from ambiguity, the court cannot depart from the meaning of the language employed, although the consequence would be to defeat the object of the act.

ID. — DEFINITION OF "DAY"— CODE — PROHIBITORY STATUTES — MUNICIPAL ORDINANCE. — A "day" is the period of time between any midnight and the midnight following, according to the express provision of section 3529 of the Political Code, and according to the interpretation always put upon the word in the construction of prohibitory statutes, and it must be so construed in a prohibitory municipal ordinance.

ID. — RESTRICTION OF SALOONS — BOND OF SALOON-KEEPER — SALES DURING NIGHT-TIME — INEFFECTIVE SUIT. — Under a city ordinance providing for the licensing of saloons and making it unlawful to sell or give away any intoxicating drinks therein "between the hours of eleven o'clock, P. M., and five o'clock, A. M., of each and every day," a complaint upon a bond of a saloon-keeper charging that, contrary to the provisions of the ordinance, he kept his place of business open "from eleven, P. M., until five, A. M., of the following day, and sold spirituous and fermented liquors," states no cause of action.

Appeal from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Horace L. Smith,* and *S. M. Buck,* for Appellants.

*J. N. Gillett,* for Respondent.

Paterson, J. — The mayor and common council of the city of Eureka passed an ordinance which provided that it should be unlawful for any person to carry on within the limits of the city any saloon, bar-room, or dram-shop without having first obtained a license therefor, and having given a good and sufficient bond in the sum of one thousand dollars, with two sureties approved by a majority of the members of the common council, conditioned that such saloon during the term of the license should be conducted in a lawful, quiet, and orderly manner. The ordinance provided that it should be unlawful to keep such place open, or to sell or give away any intoxicating drinks therein "between the hours of eleven o'clock, P. M., and five o'clock, A. M., of each and every day." The complaint herein charges that the defendant Diaz, contrary to the provisions of the ordinance, on the sixteenth day of March kept his place of business open from eleven, P. M., until five, A. M., of the following day, and sold spirituous and fermented liquors, beer and wine. The defendants Huk and Lundblade were sureties in the bond given by Diaz.

Plaintiff had judgment for the sum of one thousand dollars, defendants moved for a new trial, the motion was denied, and an appeal was taken from the order and from the judgment.

The demurrer to the complaint should have been sustained. The provision of the ordinance upon which the plaintiff relies is not ambiguous or uncertain. It

may be that it does not express what the mayor and common council intended to express, but the court cannot make or amend ordinances. It is a cardinal rule in the construction of statutes that the intent of the legislator should be followed, but this is subject to the imperative and paramount rule that the court cannot depart from the meaning of language which is free from ambiguity, although the consequence would be to defeat the object of the act. In *Rex* v. *Barham*, 8 Barn. & C. 99, the court said: " Our decision may, in this particular case, operate to defeat the object of the act; but it is better to abide by this consequence than to put upon it a construction not warranted by the words of the act, in order to give effect to what we may suppose to have been the intention of the legislature." In *Smith* v. *State*, 66 Md. 217, the court said: " Even when a court is convinced that the legislature really meant and intended something not expressed by the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of language which is free from ambiguity. As was said by Lord Denman in *Green* v. *Wood*, 7 Ad. & E., N. S., 185. ' Those who used the words thought they had effected the purpose intended. But we, looking at the words as judges, are no more justified in introducing that meaning than we should be if we added any other provision. We can do no more than give such a meaning as the words authorize.' The supreme court of Ohio in *Woodbury* v. *Barry*, 18 Ohio, 462, emphatically say: ' It is our legitimate function to interpret legislation, but not to supply its omissions.'"

The business of the interpreter is, of course, to seek for the intention of the legislature; but that intention is not to be ascertained at the expense of the true meaning of the words. " The court knows nothing of the intention of an act, except from the words in which it is expressed, . . . . the meaning of the law being the law itself. . . . . Every departure from the clear

language of a statute is, in effect, an assumption of legislative powers by the court." (Endlich on Interpretation of Statutes, secs. 5, 6, 7, 8.) If the words "each and every day" were eliminated from the provision of the ordinance above referred to, we should hold that the period of time named in the prohibitory clause is that between the hour of eleven, P. M., one day, and the hour of five, A. M., of the next day; but we have no more right to eliminate those words from the ordinance than we have to enlarge its terms. There is but one period in every day between the hours of eleven, P. M., and five, A. M.; it is the same period, whether you designate it as the period between eleven, P. M., and five, A. M., or between five, A. M., and eleven, P. M., of each and every day. The term "day" has a well-known signification. It is defined by the code to be "the period of time between any midnight and the midnight following." (Pol. Code, sec. 3259.) And this is the interpretation which has always been put upon the word in the construction of prohibitory statutes. (*Pulling* v. *People*, 8 Barb. 385; *Kane* v. *Commonwealth*, 89 Pa. St. 522; 33 Am. Rep. 787; *Haines* v. *State*, 7 Tex. App. 33.)

The judgment and order are reversed, and the cause is remanded, with directions to sustain the demurrer to the complaint.

Harrison, J., and Garoutte, J., concurred.