[L. A. No. 305. In Bank.—December 5, 1898.]

M. L. SLOCUM et al., Respondents, v. BEAR VALLEY IRRIGATION COMPANY et al., Appellants.

Act for Payment of Wages by Corporations—Constitutional Law—Special Legislation—Arbitrary Classification.—The act approved May 31, 1891, "to provide for the payment of wages of mechanics and laborers employed by corporations" (Stats. 1891, p. 195), is special legislation inhibited by the constitution, as purporting to create liens in favor of a special class of laborers, and attempting a mere arbitrary classification, not founded upon natural differences, or differences defined by the constitution.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

William J. Hunsaker, for Appellants.

Charles L. Allison, for Respondents.

THE COURT.—This is an appeal by the receivers of the corporation defendant from a judgment declaring and enforcing certain asserted liens of plaintiffs upon the property of the corporation, and from an order denying a new trial. The liens are based upon the act of the legislature entitled, "An act to provide for the payment of the wages of mechanics and laborers employed by corporations," approved May 31, 1891. (Stats. 1891, p. 195.) The act is quoted in full in former decisions of this court hereinafter referred to and need not be republished here.

It is contended by appellants that the act in question is unconstitutional for various reasons, and, among others, for the rea-

son that it is special legislation inhibited by the constitution, because it attempts to provide for the creation of liens in favor of a special class of laborers, and thus attempts a mere arbitrary classification not founded upon natural differences, or differences defined by the constitution, within the meaning of the principle declared in *Darcy v. Mayor etc. of San Jose*, 104 Cal. 642, and other decisions of this court to the same point. This contention is correct if the said act provides a lien only for those laborers and mechanics who are employed by the week or month, and does not provide liens for those who are not thus employed. But this court has already declared such to be the construction of the act in two cases—one decided by one department of this court and the other by the other department. In *Keener v. Eagle Lake etc. Co.*, 110 Cal. 627, the court, referring to this act, and quoting it in full, says: "By the terms of the first section of this act it does not apply to all corporations, but only to those who, while doing business in this state, employ laborers and mechanics by the week or month, whose wages, under the terms of their employment, are payable weekly or monthly. It does not purport to impose upon those corporations any duty or liability toward all the mechanics or laborers whom it may employ, or to create a right in favor of those of its employees whose wages are not earned or payable by the week or by the month." The petition for a hearing of the case in Bank was denied. In *Ackley v. Blackhawk etc. Co.*, 112 Cal. 42, the same construction was given to the act, and the language of the court in *Keener v. Eagle Lake etc. Co.*, *supra*, was quoted and approved. The former of these two cases was decided in 1895, and the latter a few months afterward; they must be held to have definitely established the construction of the act as therein declared. Since the date of the decisions in those cases the legislature has been in session and has not seen fit to change the statute; and whether the statute as thus construed is a proper and wise law, or whether it should be in any manner changed, are now questions for legislative discretion. Following the construction given to the act by the decisions above noticed, we hold it to be unconstitutional. In this case there are four separate complaints, each made by a different plaintiff; and, as there were no liens to be enforced, of course these different causes of action were not properly joined.

The judgment and order appealed from are reversed and the cause remanded.

BEATTY, C. J., dissenting.—I dissent. The first section of the act of March 31, 1891 (Stats. 1891, p. 195), reads as follows: "Every corporation doing business in this state shall pay the mechanics and laborers employed by it the wages earned by and due them, weekly or monthly, on such day in each week or month as shall be selected by said corporation."

No rule of statutory construction is more firmly established than this: that if an act of the legislature is open to two constructions, one of which harmonizes with the constitution and the other does not, the latter must be rejected. Now, whatever may be the more obvious meaning of the section above quoted, regarded by itself and without reference to the constitutional limitations upon the power of the legislature, it cannot be denied that, without doing violence to the language employed, it may be held to mean simply this: that every corporation employing laborers and mechanics is required to establish a regular pay day in each week or in each month, as it may elect, and on that day to pay all wages then earned and due, no matter what the term of employment. No reason can be given for rejecting this construction, except that in two cases formerly decided the law was otherwise construed. But in those cases the point here presented was not raised or considered. If it had been foreseen that the construction then adopted would have the result of nullifying the law, there can be no doubt that it would have been rejected in favor of the construction above suggested, which has always seemed to me the more reasonable of the two. Now that our attention is called to this unforeseen consequence of our former decision, it is not too late, in my opinion, to rectify the error.