# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

### NASHVILLE, DECEMBER TERM, 1910.

[(*Continued from Volume 123. Tenn.*)]

STATE *v.* NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY COMPANY.

(*Nashville.* December Term, 1910.)

1. CORPORATIONS. Statute in terms applying to corporations, joint stock companies and associations applies to corporations only, and not to individuals or firms.

The statute (Acts 1887, ch. 208), making it unlawful for any corporation, joint stock company, or association to discharge any employee, or to threaten to do so, for voting or not voting at any election, for or against any candidate or measure, or for trading or not trading with any particular person or class of persons, or to notify any employee, by general or special notice, directly or indirectly, secretly or openly, not to trade with any particular person or class of persons, under penalty of being discharged; and providing that any violation

(1)

State v. Railroad.

shall be a misdemeanor, and imposing a fine upon such offend-
ing corporation, joint stock company, or association, and fur-
ther providing that any officer or agent of such corporation,
joint stock company, or association who shall make or exe-
cute any notice, order, or threat so forbidden shall be guilty
of a misdemeanor, and, on conviction, shall be punished by
both fine and imprisonment, includes and applies to corpora-
tions only, and not to individuals or firms. The terms "joint
stock company" and "association," are used as synonymous
with the word "corporation," and are surplusage. There are
no such corporate bodies as a joint stock company or asso-
ciation known to the laws of this State. (*Post, pp.* 5-9.)
Acts cited and construed: Acts 1887, ch. 208.

2. **CONSTITUTIONAL LAW. Statute forbidding corporations to
do things that individuals and firms may do is unconstitutional
as arbitrary and vicious class legislation, when.**

The statute whose provisions are stated in the preceding head-
note is unconstitutional because it is arbitrary and vicious
class legislation under the State constitution (art. 1, sec. 8,
and art. 11, sec. 8), in that it prohibits corporations and their
agents from doing certain things under severe penalties, which
does not apply to firms or individuals doing the same thing.
(*Post, pp.* 7-13.)

Acts cited and construed: Acts 1887, ch. 208.

Constitution cited and construed: Art. 1, sec. 8; art. 11, sec.
8.

Cases cited and approved: Stratton v. Morris, 89 Tenn., 534;
Soon Hing v. Crowley, 113 U. S., 709; Railroad v. Ellis, 165
U. S., 155; Connolly v. Union Sewer Pipe Co., 184 U. S., 540.

3. **SAME. Same. Such statute is also unconstitutional, as de-
nying corporations the equal protection of the laws.**

The statute mentioned in the preceding headnotes is also un-
constitutional, because it denies corporations the equal pro-

State v. Railroad.

tection of the laws, in violation of the fourteenth amendment to the federal constitution.     (*Post, pp.* 7-15.)

Constitution cited and construed:   U. S. Const., 14th am.

Case cited and approved:   Connolly v. Union Sewer Pipe Co., 184 U. S., 540.

4. SAME. Classification in legislation must not be mere arbitrary selection, and must be natural and reasonable.

The general assembly may enact laws containing reasonable and proper classification of the objects of the legislation, but the classification must not be a mere arbitrary selection.   It must have some basis which bears a. natural and reasonable relation to the object sought to be accomplished, and there must be some good and valid reason why the particular individual or class upon whom the benefit is conferred, or who are subject to the burden imposed, not given to or imposed upon others, should be so preferred or discriminated against.   (*Post, pp.* 9, 10.)

5. SAME.   Same.   Propriety and necessity of classification in legislation must be disclosed by what.

There must be reasonable and substantial differences in the situation and circumstances of the persons placed in different classes which disclose the propriety and necessity of the classification.   (*Post, p.* 10.)

6. SAME. Classification in legislation that is a denial of the equal protection of the law to one class and the grant of an immunity to another class.

If legislation arbitrarily confers upon one class benefits, from which others in a like situation are excluded, it is a grant of a special right, privilege, or immunity, prohibited by the constitution, and a denial of the equal protection of the laws to those not included; and if the legislation, without good reason and just basis, imposes a burden upon one class which is not imposed upon others in like circumstances or engaged in the same business, it is a denial of the equal protection of the laws

State v. Railroad.

to those subject to the burden and a grant of an immunity to those not subject to it. (*Post, p.* 10.)

Cases cited and approved: See citations under headnote 2.

7. SAME. Same. Classification of corporations and individuals as employers that is valid, or that is invalid as a denial of the equal protection of the laws, when.

Where the classification of corporations or of employers is natural and reasonable, and based upon some distinctive difference in the business of the several classes, a difference peculiar to and inhering in its very nature, it is valid; but legislation that affects certain acts of corporations, and does not affect similar acts by individuals and firms, as where the application of the statute is made to depend solely upon the fact whether the employer is a natural or artificial person, between which, within the constitutional provisions invoked there is no distinction, is class legislation, and denies to corporations the equal protection of the laws. (*Post, pp.* 13-15.) .

Cases cited and approved: Railroad v. Ellis, 165 U. S., 155, 157; Tullis v. Railroad, 175 U. S., 348; Ballard v. Oil Co., 81 Miss., 507; Smith v. Railroad, 75 Ala., 449; Quarries Co. v. Bough, 168 Ind., 671; Johnson v. Mining Co., 127 Cal., 4; Slocum v. Irrigation Co., 122 Cal., 555.

FROM MAURY.

Appeal in error from the Circuit Court of Maury County.—SAM HOLDING, Judge.

ATTORNEY-GENERAL CATES, for State.

HATCHER & HATCHER, for Railroad.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

This case involves the constitutionality of chapter 208 of the published acts of the general assembly of Tennessee for the year 1887, which act is in words and figures, as follows:

"An act to prevent joint-stock companies, associations, and corporations organized or chartered under the laws of this State, from impairing or infringing upon the rights, privileges, and liberties of their servants and employees.

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that it shall be unlawful for any joint-stock company, association, or corporation, organized, chartered, or incorporated by and under the laws of this State, or operated or doing business in this State under its laws, either as owner or lessee, having persons in their service as employees, to discharge any employee or employees, or to threaten to discharge any employee or employees in their service for voting or not voting in any election, State, county, or municipal, for any person as candidate or measure submitted to a vote of the people; or to threaten to discharge any such employee or employees for trading or dealing or for not trading or dealing as a customer or patron with any particular merchant or other person or class of persons in any business calling, or to notify any employee or employees, either by general or special notice, directly or indirectly, secretly or openly given, not to trade or deal as customer or pa-

tron with any particular merchant or person or class of persons, in any business or calling, under penalty of being discharged from service of such joint-stock company, corporation or association doing business in this State as aforesaid.

"Sec. 2. Be it further enacted, that any joint-stock company, association, or corporation organized, chartered, or incorporated under the laws of this State, or operated in this State, violating any of the provisions of the foregoing section, shall be guilty of a misdemeanor; and on conviction shall pay a fine of not less than one hundred dollars and not more than one thousand dollars, for each offense for which convicted.

"Sec. 3. Be it further enacted, that any person acting as an officer or agent of any joint-stock companies, associations, or corporations of the kind and character hereinbefore described, or for any one of them, who makes or executes any notice, order, or threat, of the kind and character hereinbefore forbidden, shall be guilty of a misdemeanor, and, on conviction, shall pay a fine of not less than one hundred dollars and not more than five hundred dollars, and he imprisoned in the county jail not less than ten days nor more than three months."

The defendant in error, a corporation incorporated and organized under an act of the general assembly of this State, passed previous to the adoption of the constitution of 1870, was indicted under the first section of this act, and charged with having threatened to discharge a certain one of its employees for trading or dealing as a

State v. Railroad.

customer with a certain merchant named. It appeared and moved the court to quash the indictment upon the ground that the statute in question was unconstitutional and void because violative of article 1, section 8, of the constitution of Tennessee, ordaining that "no man shall be disseized of his freehold, liberties or privileges . . . or deprived of his life, liberty or property but by the judgment of his peers or the law of the land;" and of article 11, section 8, of the same constitution, ordaining that "the legislature shall have no power to . . . pass any law granting to any individual or individuals, rights, privileges, immunities, or exemptions other than such as may be by the same law extended to any member of the community who may be able to bring himself within the provisions of such law," and of the fourteenth amendment of the federal constitution, ordaining that "no State shall deprive any person of life, liberty or property without due process of law, or deny to any person within its jurisdiction the equal protection of the law;" and also because the act contains two subjects, and violates article 2, section 17, of the constitution of this State.

This motion was sustained, and from the judgment of the circuit court, quashing the indictment, the State has prosecuted an appeal in the nature of a writ of error to this court, and assigned errors.

In the view we have taken of this statute, it is only necessary to consider the contention that the statute is arbitrary and vicious class legislation, and a denial of the equal protection of the law.

It is obvious from a reading of the statute, chapter 208, Acts 1887, that it only includes and applies to corporations created and organized under the laws of Tennessee, and foreign corporations doing business in this State under its laws, and the officers and agents of such corporations. The terms "joint-stock company" and "association" are used as synonymous with the word "corporation," and are surplusage. There are no such corporate bodies as a "joint-stock company" or "association" known to the laws of this State, and it is clear from the whole act that it was the intention of the legislature to include corporations only, whether domestic or foreign. This is shown by the punishment provided for a corporation violating the act, and that for an officer or agent violating it. Joint-stock companies, associations, and corporations are only punished by fine, because they cannot be imprisoned, while the officer or agent is punished by both fine and imprisonment. If unincorporated bodies were meant by "joint-stock company" and "association," there would not have been this discrimination; but the individuals composing a joint-stock company or association would also have been punished as individuals who are merely officers or agents. Certainly a more severe punishment would not have been denounced against the agent than the principal.

There is no mention in the statute of firms and partnerships, which are composed of individuals associated together for business purposes, or of individuals, and in

State v. Railroad.

no view of the statute can it be made to apply to
natural persons doing business as partners or indi-
viduals. We therefore have a statute which prohibits
corporations and their agents from doing certain things
under severe penalties, which does not apply to firms or
individuals doing the same thing. The discriminatory
effect of this statute is illustrated in brief of counsel for
the defendant substantially in these words: There is
a dry goods mercantile partnership or firm, dealing in
dry goods, clothing, boots, shoes, notions, etc., and in
the same city a corporation, engaged in precisely the
same business and upon the same scale. If the latter
should "notify" one of its employees "not to trade" with
a certain party, under penalty of being discharged, it
would be subject to the payment of a fine of from $100
to $1,000, under the first section of the act, and the
officer or agent of that corporation who should thus
notify such employee would be subject, under the third
section of the act, to the payment of a fine of $500, and
to imprisonment in the county jail for three months.
But if the firm were to say to its employees that they
will not retain in their service any one who "trades or
deals" with the same person, neither the members of it
nor their agents would be subject to the penalties of
this act.

The general assembly undoubtedly has the power, and
is not prohibited by the constitutional provisions re-
ferred to, from enacting laws containing reasonable and
proper classification of the objects of the legislation, but

the classification must not be mere arbitrary selection. It must have some basis which bears a natural and reasonable relation to the object sought to be accomplished, and there must be some good and valid reason why the particular individual or class upon whom the benefit is conferred, or who are subject to the burden imposed, not given to or imposed upon others, should be so preferred or discriminated against. There must be reasonable and substantial differences in the situation and circumstances of the persons placed in different classes which disclose the propriety and necessity of the classification. If legislation arbitrarily confers upon one class benefits, from which others in a like situation are excluded, it is a grant of a special right, privilege, or immunity, prohibited by the constitution, and a denial of the equal protection of the laws to those not included. If the legislation, without good reason and just basis, imposes a burden upon one class which is not imposed upon others in like circumstances or engaged in the same business, it is a denial of the equal protection of the laws to those subject to the burden and a grant of an immunity to those not subject to it.

In *Stratton* v. *Morris,* 89 Tenn., 534, 15 S. W., 95, 12 L. R. A., 70, it is said:

"We conclude, upon a review of the cases referred to, that whether a statute be public or private, general or special, in form, if it attempts to create distinctions and classifications between the citizens of this State, the basis of such classifications must be natural, and not

arbitrary.  If the classification is made under article 11, section 8, of the constitution, for the purpose of conferring some special right, privilege, immunity, or exemption, there must be some good and valid reason why that particular class should alone be the recipient of the benefit.  If the classification is made under article 1, section 8, of the constitution, for the purpose of subjecting a class to the burdens of some special disability, duty, or obligation, there must be some good and valid reason why that particular class should alone be subjected to the burden.  Another essential to the validity of every legislative classification, whether it be made under article 11, section 8, or under article 1, section 8, is that it must not violate any other provision of the constitution, whether such provision be expressed or implied."

This is the well-settled rule in this State, and it has often been announced and applied by this court, in many cases to be found in our reports.

In *Soon Hing* v. *Crowley,* 113 U. S., at page 709, 5 Sup. Ct., at page 733, 28 L. Ed., 1145, it is said:

"The discriminations, which are open to objection, are those where persons engaged in the same business are subject to different restrictions, or held entitled to different privileges under the same conditions."

In *Gulf, C. & S. F. Ry.* v. *Ellis,* 165 U. S., 155, 17 Sup. Ct., 257, 41 L. Ed., 666, it is said:

"Classification for legislative purposes must have some reasonable basis upon which to stand.  It must be

evident that differences which would serve for the classification for some purposes furnish no reason whatever for a classification for legislative purposes. The differences which will support class legislation must be such as, in the nature of things, furnish a reasonable basis for separate laws and regulations."

In the case of *Connolly* v. *Union Sewer Pipe Company,* 184 U. S., 540, 22 Sup. Ct., 431, 46 L. Ed., 679, in which a statute of the State of Illinois was held to be a denial of the equal protection of the laws, on account of arbitrary classification, it is said:

"The difficulty is not met by saying that, generally speaking, the State, when enacting laws, may in its discretion, make a classification of persons, firms, corporations, and associations, in order to subserve public objects. For this court has held that classification must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrary and without such basis. . . . But arbitrary selection can never be justified by calling it classification. The equal protection demanded by the fourteenth amendment forbids this. . . . No duty rests more imperatively upon the courts than the enforcement of those constitutional provisions intended to secure that equality of rights which is the foundation of free government. . . . It is apparent that the mere fact of classification is not sufficient to relieve a statute from the reach of the equality clause of the fourteenth

amendment, and that in all cases it must appear, not only that the classification has been made, but also that it is one based upon some good, reasonable ground, some difference which bears a just and proper relation to the attempted classification, and is not a mere arbitrary selection."

In Sutherland on Statutory Construction (2d Ed., by Lewis) vol. 1, p. 366, it is said:

"The fundamental rule is that all classification must be based upon substantial distinctions which make one class really different from another; and the characteristics which form the basis of the classification must be germane to the purpose of the law; in other words, legislation for a class, to be general, must be confined to matter peculiar to the class."

And at page 369:

"The characteristics, which will thus serve as a basis of classification, must be of such a nature as to mark the objects so designated as peculiarly requiring exclusive legislation."

These authorities are conclusive of this case.

The statute in question applies to all corporations, regardless of the business which they were incorporated and authorized to conduct, whether they be quasi public, as in case of public service corporations, or private corporations, such as those created to conduct a mercantile, manufacturing, or other business, located at one point or extending over many counties, with large or small

'capital, or having in their service thousands or only a few employees.

It does not apply to natural persons, either as individuals or members of a partnership or firm, engaged in conducting the same business, at the same place, in the same manner, and with similar employees. New burdens and restrictions are placed upon corporations, the property of which belongs to individual shareholders, which are not placed upon natural persons engaged in the same business, conducted in the same way, and at the same place. We can see no good reason or natural and reasonable basis for this discrimination. None has been suggested or can be suggested, for they do not exist. The application of the statute is made to depend solely upon whether the employer is a natural or artificial person, between which, within the protection of the constitutional provisions invoked, there is no distinction. The distinction made is in the character of the employer, and not in that of the employment or business conducted.

We are of opinion that for this discrimination this act is arbitrary and vicious class legislation; that it denies all corporations doing business in Tennessee the equal protection of the law, and is in contravention of the constitution of this State and of that of the United States, and void. We do not hold that there may not be a classification of corporations, or of employers, for that question is not here involved. Where such classification is natural and reasonable, and based upon some dis-

State v. Railroad.

tinctive difference in the business of the several classes, a difference peculiar to and inhering in its very nature, it is valid, and will be sustained.

Cases in which legislation making such classification has been held to be free from constitutional objection are: *Ballard* v. *Cotton Oil Co.,* 81 Miss., 507, 34 South., 533, 62 L. R. A., 407, 95 Am. St. Rep., 474; *Smith* v. *L. & N. R. R. Co.,* 75 Ala., 449; *Bedford Quarries Co.* v. *Bough,* 168 Ind., 671, 80 N. E., 529, 14 L. R. A. (N. S.), 418; *Johnson* v. *Goodyear Mining Co.,* 127 Cal., 4, 59 Pac., 304, 47 L. R. A., 338, 78 Am. St. Rep., 17; *Slocum* v. *Bear Valley Irrigation Co.,* 122 Cal., 555, 55 Pac., 403, 68 Am. St. Rep., 68; *Gulf, C. & S. F. Ry.* v. *Ellis,* 165 U. S., 155, 157, 17 Sup. Ct., 255, 41 L. Ed., 666; *Tullis* v. *Lake Erie & Western R. Co.,* 175 U. S., 348, 20 Sup. Ct., 136, 44 L. Ed., 192.

We express no opinion upon the other objections made to the statute as those we have considered are conclusive of the case.

It results there is no error in the judgment of the trial court, and the same is affirmed.