[Crim. No. 5627. In Bank. Dec. 10, 1954.]

THE PEOPLE, Appellant, v. HERBERT HALLNER, Respondent.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, S. Ernest Roll, District Attorney (Los Angeles), Jere J. Sullivan and Simon L. Rose, Deputy District Attorneys, for Appellant.

Bodkin, Breslin & Luddy, Henry G. Bodkin, George M. Breslin, Michael G. Luddy and Peter E. Giannini for Respondent.

EDMONDS, J.—Herbert Hallner was charged in three counts of an indictment with having offered bribes to certain officers of the city of Los Angeles in violation of section 67 of the Penal Code.[1] The People have appealed from an

---

[1] "Every person who gives or offers any bribe to any executive officer of this state, with intent to influence him in respect to any act, decision, vote, opinion, or other proceeding as such officer is punishable by imprisonment in the state prison not less than one nor more than fourteen years, and is disqualified from holding any office in this state."

order granting Hallner's motion to set the indictment aside.

The named officers were the president of the board of police commissioners, the city attorney and the executive assistant city attorney. It was alleged that Hallner offered the bribes with intent to influence the officials in their "acts, decisions, votes, opinions and proceedings" with respect to certain pending applications for permits to "conduct games of skill and science business" within the city. As stated by the trial judge in his memorandum opinion, the order was based upon the conclusion that "executive officers of the City of Los Angeles are not executive officers of this state as defined in section 67 of the Penal Code."

It is undisputed that the evidence presented to the grand jury establishes reasonable and probable cause to believe that the city officials were executive officers and that Hallner offered bribes to them to influence their official determinations.
The sole question is whether the term "executive officer of this state," as used in section 67, includes an executive officer of a city.

The People rely upon prior decisions of the District Court of Appeal construing the phrase *"of* this state" as being the equivalent of *"in* this state." As Hallner reads the statute, it applies only to an offer of a bribe made to an officer of the State of California.

In 1883, this court in dictum said that section 67 was all inclusive. "The sixty-seventh section of the Penal Code provides that any person who gives or offers a bribe to any executive officer, with intent to influence him in respect to any act, etc., as such officer is punishable. By the sixty-seventh section the offense defined is that of one who *offers*; by the sixty-eighth, that of one who *receives* a bribe." (*People* v. *Markham,* 64 Cal. 157, 162 [30 P. 620, 49 Am.Rep. 700].)

Many years later, one Singh, who had been charged with offering and giving a bribe to a district attorney, applied to the District Court of Appeal for a writ of prohibition to stay all proceedings upon the indictment. In denying Singh relief, the court referred to section 343 of the Political Code, as then in effect (see Gov. Code, § 1001) which classified the district attorney as "a civil executive officer." It also said: "[T]here is no other section in the Penal Code which makes it a crime to give or offer a bribe to an executive officer, either county or state, for the purpose of corruptly influencing his official action than section 67, and we shall not commit ourselves to the belief . . . that the legislature has either

intentionally or inadvertently omitted to pass a law author-
izing the punishment of a person for corrupting or attempting
to corrupt a county executive officer." (*Singh* v. *Superior
Court*, 44 Cal.App. 64, 67 [185 P. 985].)

Hallner argues that, after the court determined the status
of the district attorney, further discussion of the questions
presented constitutes dictum. But the holding that section 67
includes any executive officer "in the state" was expressly
made the ground of decision. At the least, it was an alter-
native one. Dictum in *Gayer* v. *Whelan*, 60 Cal.App.2d 616, 619
[141 P.2d 514], supports this analysis of the Singh opinion.
"[It] did not directly hold that the district attorney was a
state officer, but held in view of the fact that the Legislature did
not make any provision relating to the bribing of an executive
county officer, as distinguished from an executive state officer,
the term executive officer of the state was all inclusive."

Hallner next contends that if the Singh case is more than
dictum, it should be overruled. He argues that section 67 is
not ambiguous, hence not subject to interpretation. ▮ But
the word "of" has different meanings. It may be used in its
possessive sense or to indicate geographic location. "Land
of the state" means "land within the state." (*Sisson* v.
*Board of Supervisors of Buena Vista County*, 128 Iowa 442
[104 N.W. 454, 70 L.R.A. 440].) "City Court of Macon"
means the city court should be located in Macon. (*Ivey* v.
*State*, 112 Ga. 175 [37 S.E. 398].) "Highways of Baltimore
city" is not descriptive of or relating to title or ownership, but
refers to location and municipal jurisdiction. (*Patapsco Elec-
tric Co.* v. *City of Baltimore*, 110 Md. 306 [72 A. 1039, 1041].)
"Courts of the state" means "courts in the state." (*Gregory*
v. *City of Memphis*, 157 Tenn. 68 [6 S.W.2d 332].) "Of a
city" was used in a geographic sense, not in a possessive one.
(*Avant* v. *Ouachita Parish School Board*, 215 La. 990 [41
So.2d 854].)

At the time the Singh case was decided, section 68 of
the Penal Code, enacted at the same time as the preceding
section, declared it to be unlawful for any "executive officer
or person elected or appointed to an executive office" to
accept a bribe. By the judicial construction of section 67,
that enactment and section 68, as then in effect, were com-
plementary statutes insofar as they concerned executive
officers. Each of these statutes made the defined crime a
felony and prescribed punishment of imprisonment for from
one to 14 years with the additional penalty of disqualification
from holding any office in this state.

In 1929, by the enactment of section 67½ of the Penal Code, the Legislature made it unlawful for any person to give or offer any bribe "to any ministerial officer, employee, or appointee of the State of California, county or city therein or political subdivision thereof." One who violated the statute was guilty of a misdemeanor. In 1939, the punishment was increased by providing that, if the theft of the thing given or offered as a bribe would be grand theft, the offense is a felony.

Section 68 was enlarged by the Legislature of 1933 to make it unlawful for any "executive or ministerial officer, employee or appointee of the State of California, county or city therein, or political subdivision thereof," to ask for, agree to receive, or receive a bribe. The amendment made no change in the prescribed punishment.

It is significant that since the decision in the Singh case, although the Legislature has considered the subject of bribery of public officers and made a number of statutory changes, it has not amended section 67. ■ Where a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it. (*Slocum* v. *Bear Valley Irr. Co.*, 122 Cal. 555, 556 [55 P. 403, 68 Am.St.Rep. 68]; *People* v. *Southern Pac. Co.*, 209 Cal. 578, 595 [290 P. 25].)

■ The legislative intent should be ascertained not alone from the literal meaning of the words of the statute but upon a consideration of all of the law relating to the same subject matter. (*Stafford* v. *Realty Bond Service Corp.*, 39 Cal.2d 797, 805 [249 P.2d 241]; *County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634, 639 [122 P.2d 526]; *People* v. *Roland*, 134 Cal.App. 675, 683 [26 P.2d 517].) ■ The statutes now in effect, in conjunction with the interpretation given section 67 in the Singh case, present a consistent pattern for the punishment of a person giving or offering to give a bribe to a public officer, or one who, as a public officer, asks for or receives a bribe. The offeror of a bribe to an executive officer in the state is guilty of a felony and is disqualified from holding public office. (§ 67.) Any such officer who asks for or receives such a bribe is subject to the same penalty. (§ 68.) It is also a crime to give or offer a bribe to any ministerial officer, the penalty being dependent upon the value of the bribe. (§ 67½.) The ministerial officer who asks for or receives such a bribe is guilty of a felony, regardless of the

amount of the bribe. (§ 68.) Giving or offering a bribe to a judicial officer is punishable as a felony. (§ 92.) It is also a felony for a judicial officer to ask for or to receive a bribe. (§ 93.) A person who gives, or offers, a bribe to a member of any legislative body of the state or of its political subdivisions, or a member of any such body who asks for or receives a bribe, is guilty of a felony. (§§ 85, 86, 165.) There are no overlapping statutes and no omissions if section 67 is applicable to any executive officer in the state.

Since the decision in the Singh case, five convictions for violation of section 67, or for conspiracy to violate it, have been upheld although the person bribed was not a state officer. (*People* v. *Jackson*, 42 Cal.2d 540 [268 P.2d 6] [policeman] ; *People* v. *Mathews*, 124 Cal.App.2d 67 [268 P.2d 29] [policeman] ; *People* v. *Griffin*, 98 Cal.App.2d 1 [219 P.2d 519] [sheriff] ; *People* v. *Keyes*, 103 Cal.App. 624 [284 P. 1096] [district attorney].) In each of the last four cases a petition for hearing in this court was denied. Only in the Mathews case was the meaning of the statute challenged and the court followed the Singh decision. ■■ ''After the enactment of a statute, when a construction has been placed upon it by the highest court of the state, it will be steadily adhered to in subsequent cases, unless very plainly shown to have been wrong, and more especially where the construction so given is supported by a line of uniform decisions, and where it has been acquiesced in by the legislature for a succession of years. In that case, the construction becomes as much a part of the statute as if it had been written into it originally.'' (Black, Construction and Interpretation of the Laws, 2d ed., 1911, § 93, p. 298; see also *Alferitz* v. *Borgwardt,* 126 Cal. 201, 208 [58 P. 460].)

Hallner contends that to construe section 67 as applicable to any executive officer in the state makes the statute so uncertain as to give him inadequate notice of the offense of which he might be charged and thus deny him due process of law. ■■ However, ''[r]easonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible.'' (*People* v. *Kennedy,* 21 Cal.App.2d 185, 193 [69 P.2d 224].) ■■ A statute will not be declared void as being indefinite if it contains ''a reasonably adequate disclosure of the legislative intent regarding an evil to be combatted in language giving fair notice of the practices to be avoided.'' (*People* v. *Deibert,* 117 Cal.App.2d 410, 418 [256 P.2d 355].) As

declared by the United States Supreme Court in a comparable situation, "[t]he canon in favor of strict construction is not an inexorable command to override common sense and evident statutory purpose. It does not require magnified emphasis upon a single ambiguous word in order to give it a meaning contradictory to the fair import of the whole remaining language." (*United States* v. *Brown,* 333 U.S. 18, 25 [68 S.Ct. 376, 92 L.Ed. 442]; see also *Gooch* v. *United States,* 297 U.S. 124, 128 [56 S.Ct. 395, 80 L.Ed. 522]; *Kordel* v. *United States,* 335 U.S. 345, 349 [69 S.Ct. 106, 93 L.Ed 52]; *Boyce Motor Lines* v. *United States,* 342 U.S. 337, 340 [72 S.Ct. 329, 96 L.Ed. 367].)

▉ Furthermore, even if prior to the judicial decisions construing it section 67 might have been subject to attack upon the ground of uncertainty, such an objection no longer is tenable. The construction of a statute by judicial decision becomes a part of it, and the standard thus established may be sufficient to satisfy the requirement of due process of law that one be given adequate warning of an offense with which he may be charged. (See *Lanzetta* v. *New Jersey,* 306 U.S. 451, 456 [59 S.Ct. 618, 83 L.Ed. 888]; *Winters* v. *New York,* 333 U.S. 507, 510 [68 S.Ct. 665, 92 L.Ed. 840].) Since the Singh decision, one who gives or offers a bribe to an executive officer in this state is given ample notice that he is committing a felony.

The order is reversed.

Gibson, C. J., Shenk, J., Schauer, J., and Spence, J., concurred.

TRAYNOR, J.—The majority opinion interprets the phrase "executive officer *of* this state" to mean, not what it says, but "executive officer *in* this state," and therefore to include an executive officer of a freeholder-charter city despite the settled law that an executive officer of such a city is not an executive officer of the state. (*Civic Center Assn.* v. *Railroad Com.,* 175 Cal. 441, 448 [166 P. 351]; *Fleming* v. *Hance,* 153 Cal. 162, 169 [94 P. 620]; *Popper* v. *Broderick,* 123 Cal. 456, 462 [56 P. 53]; *Otis* v. *City of Los Angeles,* 52 Cal.App.2d 605, 611-612 [126 P.2d 954]; Const., art. XI, §§ 6, 8, 8½; art. XX, § 16.) It is urged that "of" was not used in a possessive sense but in a geographic sense to mean "in" or "within," even though according to standard dictionaries of the English language, "of" is not the equivalent of "in"

or "within." (Webster's New Internat. Dict., p. 1689 [2d ed., 1948, unabridged]; Funk and Wagnalls' New Standard Dict., p. 1712 [1933].) The very language of section 67 itself, which includes both "of" and "in," demonstrates that the Legislature did not regard "of" as the equivalent of "in," and that when it used "of" it meant "of" and when it used "in" it meant "in": "Every person who . . . offers any bribe to any executive officer *of* this state . . . is punishable by imprisonment . . . and is disqualified from holding any office *in* this state." (Italics added.)

There is no substance to the court's argument in *Singh* v. *Superior Court,* 44 Cal.App. 64, 68 [185 P. 985], on which the majority opinion relies, that "if the legislature had intended to limit the application of section 67 to state officers, it would have been a very easy matter for it to have given apt and unambiguous expression of such intention. It would have undoubtedly said if such had been its purpose, 'any state executive officer,' in place of 'any executive officer of the state.'" There is no more difference in the meaning of these phrases than there is in the phrases "any Supreme Court opinion" and "any opinion of the Supreme Court." Each phrase has exactly the same meaning; neither is more "apt and unambiguous" than the other.

That the Legislature did not mean "in" when it used "of" is also made clear by the language of former section 74a of the Penal Code,[1] which was added in 1905 to the same title of the code in which section 67 appears (Stats. 1905, p. 646), 14 years before the decision in the Singh case. In that section the phrase "every officer of this state" was set off from the phrase "or of any county, city and county, city, or township therein," thus demonstrating that "officer of this state" meant an officer of the state as distinguished from an officer "of any county, city and county, city, or township therein." But, according to the majority opinion herein, it was an idle act to separate these phrases, and despite an established rule of construction (*County of Los Angeles* v. *Frisbie,* 19 Cal.2d 634, 641-642 [122 P.2d 526]), we must regard the latter phrase as superfluous. Usages similar to those in section 74a

[1]§ 74a. "Every officer *of* this state, or *of* any county, city and county, city, or township *therein,* who accepts, keeps, retains or diverts for his own use or for the use of any other person any part of the salary or fees allowed by law to his deputy, clerk, or other subordinate officer, is guilty of a felony." (Italics added.) This section was transferred to section 1195 of the Government Code in 1943, the language being changed to conform to the usage in that code.

can be found in sections 67½,[2] 68,[3] and 70[4] of the Penal Code. These sections also lead me to believe that the Legislature did not mean "in" when it used "of." Since this court, however, now holds that "of" means "in," the phrase "officer, employee or appointee of . . . [any] county or city therein or political subdivision thereof," which appears in each of these sections, has also become superfluous.

Even if we believed, as the court apparently did in the Singh case (44 Cal.App. 64, 67-68), that at the time of the enactment of section 67 the Legislature inadvertently omitted to provide for the giving or offering of a bribe to an executive officer of a freeholder-charter city, we cannot create an offense that the Legislature failed to create. We must assume that the Legislature meant the section to be read as it was written, however unwise we may think the Legislature was in not creating an offense that we may think should have been created. We cannot create such an offense by enlarging the statute, or by inserting or deleting words, nor should we do so by giving a false meaning to its words. (Pen. Code § 7, subd. 16; Code Civ. Proc., § 1858; *People* v. *Knowles,* 35 Cal. 2d 175, 182-183 [217 P.2d 1]; *Seaboard Acceptance Corp.* v. *Shay,* 214 Cal. 361, 365-366 [5 P.2d 882]; *City of Eureka* v. *Diaz,* 89 Cal. 467, 469 [26 P. 961]; *Gayer* v. *Whelan,* 59 Cal.App.2d 255, 262-263 [138 P.2d 763]; *People* v. *Pacific Guano Co.,* 55 Cal.App.2d 845, 848-849 [132 P.2d 254].) Such a practice makes it impossible for anyone to rely on the written word of the Legislature and only adds confusion to the

[2]§ 67½. "Every person who gives or offers as a bribe to any ministerial officer, employee, or appointee *of* the State of California, county or city *therein* or political subdivision *thereof,* any thing the theft of which would be petty theft is guilty of a misdemeanor; if the theft of the thing so given or offered would be grand theft the offense is a felony." (Italics added.)

[3]§ 68. "Every executive or ministerial officer, employee or appointee *of* the State of California, county or city *therein* or political subdivision *thereof,* who asks, receives, or agrees to receive, any bribe, upon any agreement or understanding that his vote, opinion, or action upon any matter then pending, or which may be brought before him in his official capacity, shall be influenced thereby, is punishable by imprisonment in the State prison not less than one nor more than fourteen years; and, in addition thereto, forfeits his office, and is forever disqualified from holding any office *in* this State." (Italics added.)

[4] § 70. "Every executive or ministerial officer, employee or appointee *of* the State of California, county or city *therein* or political subdivision *thereof,* who knowingly asks, receives or agrees to receive any emolument, gratuity or reward, or any promise thereof excepting such as may be authorized by law for doing an official act, is guilty of a misdemeanor." (Italics added.)

already difficult task of drafting statutes. Thus, hereafter the Legislature must ponder the possibility that "of" will be construed to mean "in" and that other common words may also be given a distorted meaning. The harm attending the delay in legislative correction of its own omissions or its failure completely to attack an evil is outweighed by the confusion created by judicial correction of such lapses under the guise of statutory construction.

Nor is there any substance to the argument that the Legislature's failure to amend section 67 after the decision in the Singh case constitutes a legislative approval of the interpretation of the section in that case. As the Supreme Court of the United States said in *Helvering* v. *Hallock*, 309 U.S. 106, 119 [60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368] [involving a previous interpretation by that court of § 302(c) of the Revenue Act of 1926], "it would require very persuasive circumstances enveloping congressional silence to debar this court from re-examining its own doctrines." In the present case not even the reexamination of this court's own doctrines is involved. Not only has section 67 never been previously construed by this court[5] but, in the words quoted in the majority opinion from Black on The Construction and Interpretation of the Laws, the construction of that section in the Singh case is "very plainly shown to have been wrong."

The doctrine that legislative silence constitutes approval of judicial construction "must be derived by a form of negative inference, a process lending itself to much guesswork. . . . There are vast differences between legislating by doing nothing and legislating by positive enactment, both in the processes by which the will of Congress is derived and stated and in the clarity and certainty of the expression of its will. And there are many reasons, other than to indicate approval of what the courts have done, why Congress may fail to take affirmative action to repudiate their misconstruction of its duly adopted laws. Among them may be sheer pressure of other and more important business. See *Moore* v. *Cleveland Ry. Co.*, 6 Cir., 108 F.2d 656, 660. At times political considerations may work to forbid taking corrective action. And

---

[5]This court's denial of a hearing does not commit it to the propositions of law laid down in an opinion of a District Court of Appeal. (*Western L. Co.* v. *State Board of Equalization*, 11 Cal.2d 156, 167-168 [78 P.2d 731, 117 A.L.R. 838]; *Shelton* v. *City of Los Angeles*, 206 Cal. 544, 550 [275 P. 421]; *People* v. *Rabe*, 202 Cal. 409, 418-419 [261 P. 303]; *In re Stevens*, 197 Cal. 408, 423-424 [241 P. 88]; *Bohn* v. *Bohn*, 164 Cal. 532, 537-538 [129 P. 981]; *People* v. *Davis*, 147 Cal. 346, 350 [81 P. 718].)

in such cases, as well as others, there may be a strong and proper tendency to trust to the courts to correct their own errors, see *Girouard* v. *United States, supra* [328 U.S. 69], as they ought to do when experience has confirmed or demonstrated the errors' existence. . . . More often than not the only safe assumption to make from Congress' inaction is simply that Congress did not intend to act at all. *Cf. United States* v. *American Trucking Ass'n.*, 310 U.S. 534, 550 [60 S. Ct. 1059, 84 L.Ed. 1345]. At best the contrary view can only be an inference, altogether lacking in the normal evidence of legislative intent and often subject to varying views of that intent. In short, although recognizing that by silence Congress at times may be taken to acquiesce and thus approve, we should be very sure that, under all the circumstances of a given situation, it has done so before we rule and thus at once relieve ourselves from and shift to it the burden of correcting what we have done wrongly. . . . Just as dubious legislative history is at times much overridden, so also is silence or inaction often mistaken for legislation.'' (Mr. Justice Rutledge, concurring in *Cleveland* v. *United States,* 329 U.S. 14, 23-24 [67 S.Ct. 13, 91 L.Ed 12].) In my opinion silence or inaction is mistaken here for legislation. The words ''of'' and ''in'' remain in section 67. They mean now what they meant when the section was enacted, and their insistent presence belies the notion that by silence and inaction the Legislature has changed their meaning.

If, despite its plain wording, section 67 includes officers of a freeholder-charter city, it will, when read with section 77[6], overlap section 67½. Thus, one who offers as a bribe a thing, the theft of which would be petty theft, to an administrative or ministerial officer of a freeholder-charter city will be punishable either as a misdemeanant under section 67½ (imprisonment in the county jail not exceeding six months, or a fine not exceeding $500, or both) or as a felon under section 67 (imprisonment in the state prison for one to fourteen years and disqualification from ever holding any public office) in the discretion of the grand jury or district attorney that returns the indictment or information against him. Such a result subverts the legislative purpose of providing a lesser penalty for the less heinous offense.

---

[6] § 77. ''The various provisions of this chapter apply to administrative and ministerial officers, in the same manner as if they were mentioned therein.''

Since there was no evidence before the grand jury either that the persons to whom defendant allegedly offered the bribes were ''executive officers of this state'' or that the bribes were allegedly offered with intent to influence their actions in any capacity as such officers (*Greenberg* v. *Superior Court*, 19 Cal.2d 319, 321-322 [121 P.2d 713] ; Pen. Code, § 995), I would affirm the judgment.

Carter, J., concurred.