[Civ. No. 14172. Third Dist. Mar. 3, 1975.]

OLI SOLANDER, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE SACRAMENTO JUDICIAL
DISTRICT OF SACRAMENTO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

**COUNSEL**

O. J. Solander for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Joel Carey and John A. Gordnier, Deputy Attorneys General, for Real Party in Interest and Appellant.

**OPINION**

**EVANS, J.**—The People, real party in interest, appeal from a judgment of the Sacramento Superior Court granting a writ prohibiting further

prosecution in the municipal court of a criminal complaint framed in two counts. The first count alleges a violation of section 17.7 of the Sacramento City Code, and the second count a violation of section 28546 of the Health and Safety Code. Both provisions relate to restaurant sanitation. The trial court found both provisions unconstitutionally vague, thus violative of due process and, so finding, awarded costs to plaintiff.

On appeal, the People defend the constitutionality of the statutes in question and challenge the award of costs to plaintiff.

## FACTS

Since 1936, plaintiff Oli Solander has operated a small restaurant business in the City of Sacramento, selling food, milk shakes, beer and other beverages. His place of business is divided into three distinct areas: soda fountain, beer bar and kitchen. Hot and cold running water under pressure is piped to dish washing sinks in the fountain and in the kitchen but not to the sink in the beer bar.

In October 1971, the Sacramento County Health Department demanded that plaintiff install hot running water under pressure to the beer bar sink. He failed to do so, and in July 1972, the district attorney filed a misdemeanor complaint, charging him with a violation of section 17.7 of the Sacramento City Code in that he failed "to make accessible hot and cold running water under pressure to all rooms in which food and beverages are prepared and utensils washed." The second count of the complaint charged plaintiff with a violation of section 28546 of the Health and Safety Code, more particularly in that he "failed to provide hot and cold running water under pressure to all areas in which food is prepared and utensils are washed."

Plaintiff entered not guilty pleas to both counts. He moved the municipal court to dismiss the complaint on the ground, inter alia, that the charged statutes are unconstitutionally vague. The motion was denied, and trial by jury was scheduled for December 26, 1972. On December 15, 1972, the instant application for prohibitory relief was filed.

The two sections upon which the complaint is formulated read as follows:

"Hot *and cold* running water under pressure shall be provided in all

areas in which food is prepared or utensils are washed. The water supply shall be of a safe, sanitary quality." (Health & Saf. Code, § 28546.)

"Hot and cold running water under pressure shall be accessible to all rooms in which food or beverage is prepared, or utensils are washed. The water supply shall be adequate and of a safe, sanitary quality." (Sacramento City Code, § 17.7.)

## Due Process

The People contend that section 17.7 of the Sacramento City Code and section 28546 of the Health and Safety Code require that hot running water be piped to the sink in the beer bar area where utensils are washed. Plaintiff interprets each section to mean that the availability of hot water in other areas which may be carried to the beer bar sink and there used to wash utensils is full compliance with the requirements.

The trial court determined that the term "accessible" as used in section 17.7 and the phrase "provided in all areas" as used in section 28546 are so vague by definition and application that each section is void (citing *People* v. *McCaughan* (1957) 49 Cal.2d 409 [317 P.2d 974]).

█ It is well settled that as a part of procedural due process, a criminal statute must be so definite and certain that it gives fair warning, not necessarily with mathematical exactitude, but sufficient to inform a person of ordinary or average intelligence, of what acts or omissions it declares to be prohibited and punishable. (*People* v. *McCaughan, supra,* 49 Cal.2d 409, 414; *People* v. *Barksdale* (1972) 8 Cal.3d 320, 327 [105 Cal.Rptr. 1, 503 P.2d 257]; *People* v. *Hallner* (1954) 43 Cal.2d 715 [277 P.2d 393]; *In re Joseph G.* (1970) 7 Cal.App.3d 695, 702 [87 Cal.Rptr. 25]; *Tip Top Foods, Inc.* v. *Lyng* (1972) 28 Cal.App.3d 533, 547 [104 Cal.Rptr. 718].)

Reasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible. (*In re Newbern* (1960) 53 Cal.2d 786, 792 [3 Cal.Rptr. 364, 350 P.2d 116]; *People* v. *Ali* (1967) 66 Cal.2d 277, 280 [57 Cal.Rptr. 348, 424 P.2d 932].) A statute will not be declared void as indefinite if it contains a reasonably adequate disclosure of the legislative intent regarding an evil to be combated in language giving fair notice of the practices to be avoided. (*People* v. *Hallner, supra,* 43 Cal.2d 715; *Tip Top Foods, Inc.* v. *Lyng, supra,* 28 Cal.App.3d 533.)

■ In light of the foregoing principles, when the statutory provisions here at issue are viewed without giving undue emphasis to any single word, or phrase, and in the context of the entire acts of which they are respectively a part, the trial court's ruling cannot be sustained. (*People* v. *Hallner, supra,* 43 Cal.2d 715; *Tip Top Foods, Inc.* v. *Lyng, supra,* 28 Cal.App.3d 533; *People* v. *Orser* (1973) 31 Cal.App.3d 528, 533 [107 Cal.Rptr. 458].)

The California Restaurant Act (§§ 28520-28696 of the Health & Saf. Code) was readopted in 1961. Several sections of the act are of assistance in giving meaning to the questioned phrase "provided in all areas."

Section 28544 requires in part that "Light *shall be provided* in all *areas* and rooms of a restaurant. . . ." Section 28545 in part requires that "Ventilation *shall be provided* for dissipation of disagreeable odors and condensation in all rooms of a restaurant . . . where utensils are washed, . . . [¶] At or above all cooking equipment, . . . there *shall be provided* mechanical exhaust ventilation equipment, . . . [¶] All food preparation and dishwashing *areas shall have sufficient ventilation to provide* a reasonable condition of comfort for the employees working there, . . ." (Italics added.)

It is quite clear that as used in the act the term "provided" means simply "supplied." It is also quite clear that "area" as used in the act and in conjunction with the phrase at issue means "a specialized space within a room or a building."

There is a clear and understandable dictionary definition of "provided": "supplied with necessaries," "equipped, furnished"; likewise "area" is defined as "a definitely bounded part or section of a building set aside for a specific use or purpose." (See Webster's New Internat. Dict. (3d ed. 1961).)

Applying the "reasonable certainty" test to section 28546 of the Health and Safety Code, we conclude the section is sufficiently certain to accord with constitutional due process standards. The intent of the statute as drafted by the legislative body is abundantly clear.

We reach the identical conclusions with respect to the challenged local ordinance. The act of which section 17.7 is a part is chapter 17 of the Sacramento City Code. It also is a restaurant act and contains many

sections similar in import to those of the State Restaurant Act. In reviewing all of the sections of chapter 17 and specifically, section 17.7, in the light of the intent of the act, it is clear that each room in which utensils are washed must be equipped with hot and cold running water under pressure.

We therefore find no unconstitutional vagueness emanating from the use of the words "provided in all areas" as contained in section 28546 of the Health and Safety Code nor in the use of the phrase "accessible to all rooms" as contained in section 17.7 of the Sacramento City Code.

The award of costs is annulled, the judgment issuing the writ of prohibition is reversed, and the writ is ordered discharged.

Puglia, P. J., and Janes, J., concurred.

The petition of the plaintiff and respondent for a hearing by the Supreme Court was denied May 1, 1975. Richardson, J. did not participate therein.